CASTLE *v.* STATE OF INDIANA.

[No. 29,445. Filed June 28, 1957.]

*Geo. T. Patton,* of South Bend, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was convicted of assault under an affidavit charging the crime of rape. Appellant was fined $500.00 and sentenced to six months' imprisonment.

Appellant first contends on this appeal that the trial court erred in overruling his motion for a discharge because of the running of the three term statute.[1]

The facts bearing upon the matter show that the affidavit charging rape was filed on April 12, 1955, which was during the February term of court for 1955, and appellant was arrested on said date. On April 14, appellant pleaded not guilty and requested trial by jury. On said date he also posted bail bond and was released from custody. No action was taken in said cause during the succeeding May and September terms of court, and on November 22, in the November term, the cause was set for trial for December 21, 1955. The trial was not had, however, on said date, nor was the trial conducted, during the November term of court,

---

1. Acts of 1905, ch. 169, §220, p. 584, being Burns' §9-1403, 1956 Replacement.

February 3, 1956, the court found there was insufficient but on the last day of the November term, to-wit: On time during the November term to try said cause, citing among other reasons, the unavailability of a courtroom for the trial of jury cases, as the court below (Superior Court No. 1) was required to share the only courtroom suitable for jury trials with another court (Superior Court No. 2). The court's record in this respect is as follows (Tr. p. 9, lines 15-26):

> "This court sharing a courtroom in which Superior Court No. 2 also tries jury cases, the other courtroom for use of said court being a small courtroom without the facilities for trial of jury cases and with no room available in which a jury could deliberate as a jury was out, there being only one jury room available for the two courtrooms. That . . . Superior Court No. 2 started the trial of jury cases in the large courtroom provided for the two courts for jury cases, and Superior Court No. 2 has continued to try jury cases in said courtroom for the balance of the November Term, 1955."

It is a fundamental principle of constitutional law that every person accused of a criminal offense has a right to a speedy trial.[2] This constitutional provision is implemented by the Indiana statute,[3] in the case before us, which provides that:

---

2. In England, from the time of Magna Charta, a prisoner, in theory at least, enjoyed the right to a speedy trial which was procured him by the commission of gaol delivery. It issued to the justices of assize, and twice each year resulted in the jails being cleared and the prisoners confined being convicted and punished or freed from custody. 2 Hawkins, Pleas of the Crown, c 6, §6; 15 Am. and Eng. Encl. of Law, p. 129, note 6; 22 C.J.S., §466; 14 Am. Jur., §134.

Art. 1, §12, Indiana Constitution, provides:

"All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; *speedily, and without delay*." (Emphasis supplied.)

A similar provision of the U. S. Constitution, applicable to criminal prosecutions in the federal courts, guarantees the right to a speedy trial. See: Amendment 6 to U. S. Constitution.

3. See: *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203.

"No person shall be held by recognizance to answer an indictment or affidavit, without a trial, for a period embracing more than three [3] terms of court, not including the term at which a recognizance was first taken thereon, if taken in term time; but he shall be discharged unless a continuance be had upon his own motion, or the delay be caused by his act, or there be not sufficient time to try him at such third term; and, in the latter case, if he be not brought to trial at such third term he shall be discharged, except as provided in the next section."[4]

This statute, we have held, is to be so construed that all doubts are to be resolved in favor of the accused. See: *Colglazier* v. *State* (1953), 231 Ind. 571, 110 N. E. 2d 2; *Shewmaker* v. *State* (1956), 236 Ind. 49, 138 N. E. 2d 290. For the accused to be entitled to a discharge under the statute, it is immaterial whose act caused the delay, unless the delay was caused by the accused. For example, in the *Colglazier* case, *supra,* it was specifically held the accused's right to a discharge could not be prejudiced by delay caused by the prosecuting attorney or the court, or anyone other than the accused.

It was the duty of the board of county commissioners in the case before us to provide a suitable and convenient place for the holding of the courts of the county, and this necessarily included a proper and sufficient courtroom with facilities for conducting trials by jury, including an adequate and sufficient jury room and the necessary conveniences. See: *Bd. of Commissioners* v. *Stout et al.* (1893), 136 Ind. 53, 35 N. E. 683, 22 L. R. A. 398.

Upon the failure of the board of commissioners to provide sufficient facilities, the court itself, in order to

4. Acts of 1905, *supra,* ch. 169, §220, p. 584, being Burns' §9-1403, 1956 Replacement.

ensure the efficient administration of justice, had not only the right but the correlative duty to see that the court was properly equipped in its accommodations and furnishings so as to be able to act effectively as a court. See: *Woods* v. *State* (1954), 233 Ind. 320, 119 N. E. 2d 558. The dividing of the use of a courtroom and a jury room with another court of co-equal jurisdiction, and the necessary postponement of jury trials because of the congestion occasioned by both courts using the same facilities simultaneously, is certainly not compatible with the orderly, prompt and efficient administration of justice.

Needless to say, appellant should not be prejudiced by the admitted facts appearing of record which show there was not sufficient time to try his case during the third term of court because of the court's practice of dividing its courtroom facilities with another court. The accused's right to a trial speedily and without delay is certainly meaningless if it can be thwarted by the failure of the county commissioners or the court itself to provide the necessary amenities which are a prerequisite to the running of an efficient court.

The lower court accordingly erred in overruling appellant's petition for a discharge under the three term statute.

It is unnecessary to discuss other alleged errors raised by appellant in view of the result we have reached in this opinion.

Judgment reversed with instructions to grant a new trial and to sustain appellant's motion for discharge.

Arterburn, C. J., Achor and Emmert, JJ., concur.

Bobbitt, J., concurs in result.

NOTE.—Reported in 143 N. E. 2d 570.