**John Wayne MILLER, Appellant (Defendant Below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 20A03–9102–CR–52.**

Court of Appeals of Indiana, Third District.

April 30, 1991.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Julie L. Ezell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

John Wayne Miller appeals his conviction for child molesting, presenting us with the following two issues for our review:

I. Whether the trial court erred in denying Miller's motion to dismiss pursuant to Indiana Rule of Criminal Procedure 4(C).

II. Whether the trial court erred in granting the State's motion to amend the information to add a second count of child molesting on the day of trial.

We affirm.

On April 7, 1989, Miller was charged by information with child molesting, a Class B felony.[1] He was arrested on April 12, 1989. At the initial hearing, a plea bargain deadline was set for June 26, 1989. On April 19, defense counsel sent a letter to the prosecutor requesting permission to review his file when the prosecutor received the medical records pertaining to the case.[2] The pre-trial conference and plea bargain deadline were extended by agreement on June 12, 1989. The plea bargain deadline was again extended by agreement on June 28, 1989. Miller requested another plea bargain deadline extension on July 24, 1989. On January 22, 1990, the cause was set to be tried by jury on March 1, 1990. On January 29, 1990, Miller filed a "Motion to Exclude Testimony and/or Continue Trial," based upon the State's failure to comply with his "discovery request." A hearing was held on February 12, 1990, the defendant's motion for a continuance of the trial was granted, and the State was ordered to produce all relevant medical records by April 1. A status conference was held on April 9 pursuant to the February 12 order, and the judge pro tempore reset the status conference for May 7, 1990. On April 20, 1990, Miller moved for dismissal pursuant to Indiana Rule of Criminal Procedure 4(C). The trial judge denied the motion.

On the first day of trial, the State moved to amend the information to add a second count, charging Miller with Class C felony child molesting.[3] After a hearing, the trial court granted the motion to amend over Miller's objection and denied Miller's motion for a continuance. Voir dire was conducted, after which Miller renewed his motion for a continuance. Miller's motion was denied, but the trial court ordered that the trial would proceed on Count I only. Miller was eventually convicted on Count I. He appeals.

## I.

### Motion to Dismiss

Miller first contends that the trial court erred in denying his motion to dismiss the charges filed against him pursuant to Criminal Rule 4(C), which provides in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; *except where a continuance was had on his motion, or the delay was caused by his act,* or where there was not sufficient

---

1. IND.CODE 35–42–4–3(a).

2. The text of the April 19, 1989 letter is as follows:
    Dear Charlie:
    This will confirm our conversation about the above captioned matter on the 18th of April, 1989. When you receive the medical information regarding this case please let me know so that I may make arrangements to review your file.
    Yours truly,
    Thomas M. Leatherman
   Record, p. 22.

3. IC 35–42–4–3(b).

time to try him during such period because of congestion of the court calendar.... Any defendant so held shall, on motion, be discharged.

(Emphasis added).

Miller was arrested on April 12, 1989. He moved for discharge on April 20, 1990, one year and eight days later. The State argues that Miller's actions in moving for or agreeing to continuances tolled the one-year period, and thus his motion was properly denied.

■ The continuances before a trial date was set on January 22, 1990 are not properly chargeable to Miller. For Criminal Rule 4(C) purposes, a defendant is not charged with a continuance for which he moves or to which he agrees before a trial date is set. *State ex rel. O'Donnell v. Cass Superior Ct.* (1984), Ind., 468 N.E.2d 209, 211; *Morrison v. State* (1990), Ind., 555 N.E.2d 458, 461.

■ Miller's motion for continuance of the trial, however, is properly chargeable to Miller. For Criminal Rule 4(C) purposes, a defendant is charged with delays which are the result of actions initiated by the defendant after a trial date is set. *See, e.g., Battle v. State* (1981), 275 Ind. 70, 415 N.E.2d 39, 41 (motion to suppress). The concern is not whether the acts causing the delay are meritorious or justifiable; rather, it is the effect of those acts which determine whether the delay is assigned to the defendant. *State ex rel. Cox v. Superior Court of Madison County* (1983), Ind., 445 N.E.2d 1367, 1368. Here, Miller's "Motion to Exclude Testimony and/or Continue Trial" was filed on January 29, 1990. This motion was set for hearing on February 12, at which the trial was continued indefinitely, the State was ordered to provide discovery, and a status conference was set for April 9, 1990. The parties appeared on April 9, and the status conference was continued by the judge pro tempore to May 7, 1990 due to the regular judge's illness. Even assuming the further continuance of the status conference was not attributable

to Miller, his motion caused a delay of 70 days (from January 29, 1990 to April 9, 1990), more than making up for the eight day delay complained of by Miller in his motion for discharge.[4]

Miller argues that the delay caused by his January 29 motion should not be charged to him, citing *Biggs v. State* (1989), Ind.App., 546 N.E.2d 1271. In *Biggs*, the defendants filed a discovery request with the state. Apparently, one of the items contained in the request solicited the permission to depose one of the State's witnesses, a confidential informant. The informant failed to appear for the deposition, and Biggs and his co-defendant, Orchard, filed a motion to preclude the informant's testimony, or in the alternative, a motion to continue the trial. The motion was apparently never ruled upon. The State filed motions requesting the court to certify that the informant was a material witness located outside the state and asking the court to set another deposition date. The court granted both motions, but the informant again failed to appear for the deposition. Orchard changed counsel, and new counsel filed a discovery request and a motion to produce. These motions elicited no response from the state, and the trial court entered two orders requiring compliance. The second order removed the case from the trial docket until discovery was completed. The State finally provided discovery responses over a year after the defendants' original discovery request was filed.

Our First District held that the delay following the motion for continuance could not be charged to the defendants. While conceding that "generally a defendant is chargeable with delay occasioned by his own request for continuance," the *Biggs* court noted that the motion for continuance was never ruled upon by the trial court and that the motion requested only that the trial be continued until the State complied with the request to depose the informant so

---

4. On May 9, 1990, 27 days after the one-year period would have expired if no delays were attributed to Miller, he requested another continuance of the trial, which he conceded in his motion to be chargeable to him for Criminal Rule 4(C) purposes. Record, p. 38.

that the defendants could be adequately prepared for trial. *Id.* at 1274–1275.

This case is readily distinguishable from *Biggs.* Here, there was no formal discovery request by the defendants. Too, the record does not indicate a continuing failure on the part of the State to comply with discovery despite numerous petitions by the defendant for the trial court's assistance. On the contrary, the record indicates that the "discovery request" in this case was not pursued for nearly ten months. A defendant may not obtain a discharge by sending an informal discovery request to the State cloaked in the form of a letter, blindside the State with a motion to continue the trial indefinitely for failure to comply with its informal request shortly before the period has expired, and then claim that the resultant delay should be charged to the State.[5] The trial court properly denied the defendant's motion for discharge.

## II.

### *Amendment of the Information*

■ Miller next contends that the trial court erred in granting the State's motion to amend the information on the morning of trial to add a count of child molesting. He also assigns error in the trial court's denial of his motion for a continuance in order to prepare to defend the second count. The record reveals that although the court initially granted the motion, after further argument on the issue the trial judge indicated that the trial was to proceed only on Count I. This ruling occurred after voir dire but before the jury was sworn, thus no evidence was presented on Count II, nor was Miller's guilt or innocence on the second count a question presented to the jury. Our supreme court has held that the granting of the State's motion to amend on the day of trial and the denial of the defendant's motion for a continuance was harmless error where the judgment was for the defendant on the count which was the subject of the amendment. *Kelley v. State* (1954), 233 Ind. 294, 119 N.E.2d 322, 324. Miller argues that

prejudice resulted from passing references by the prosecutor during voir dire to "acts" involved and "charges" pending and the court's statement to the panel that the defendant was to be tried on two counts of child molesting. We find that contention to be speculative at best. Thus the trial court's grant of the State's motion to amend and denial of Miller's motion for continuance, if error, was harmless.

Affirmed.

BUCHANAN, J., concurs.

HOFFMAN, P.J., concurs in result and files separate opinion.

HOFFMAN, Presiding Judge, concurring in result.

Neither Criminal Rule 4(C) nor Criminal Rule 4(F), allowing extension of the Rule 4 time periods, distinguishes between continuances requested or agreed to by the defendant before or after a trial date has been set. The majority relies upon two cases for the proposition that the defendant is not accountable for continuances requested or agreed to by the defendant before a trial date is set.

In *State ex rel. O'Donnell v. Cass Superior Ct.* (1984), Ind., 468 N.E.2d 209, 211, the court determined that an agreed continuance which occurred prior to the trial setting was not attributable to the defendant because the defendant did not realize at that point that the trial date would be set beyond the boundaries of the rule, and foremost, because the defendant notified the court within two days of the trial setting that the date was outside of the rule's time frame. In dictum, the majority states, "[w]hen a defendant has *agreed* to a continuance prior to the setting of any trial date, those days shall not be attributed to the defendant for the purposes of Ind.R. Cr.P. 4(C)." *Id.* (Emphasis supplied.)

The language does not support a conclusion that the defendant may *request* continuances without accountability for Rule 4(C) purposes. Moreover, the above statement

---

**5.** The trial judge observed, "It appears also that some of the defense discovery activities served

dual purposes: (1) discovery and (2) delay past the CR 4 deadline." Record, p. 36.

appears to have crept inadvertently into the majority opinion in its earnest effort to address the defendant's assignment of error. Justice DeBruler's dissent in *O'Donnell* calls into question the viability of any such pronouncement. Justice DeBruler stated:

> "[S]uch general continuances of a cause by agreement of the parties typically reflect their free choice that advancement of the cause towards final resolution be stopped until one of the parties or the court restarts it. The cessation of activity occasioned and sanctioned by the agreement generally causes a delay in bringing the cause to trial, within the intendment of Criminal Rule 4(F). Such delay should extend the one year period for bringing the accused to trial in the same manner as would his motion for continuance of the trial. Criminal Rule 4(C)."

*O'Donnell, supra,* 468 N.E.2d at 211.

The other case relied upon by the majority in the instant cause, *Morrison v. State* (1990), Ind., 555 N.E.2d 458, 461, recognized that the Court of Appeals' decision followed the dissent in *O'Donnell*. While the court agreed with the defendant's assertion that the Court of Appeals' treatment of the delay contravened *O'Donnell*, any endorsement of the *O'Donnell* determination was conspicuously absent. Instead, the court found that the delay prior to a trial setting was properly charged to the defendant inasmuch as the defendant had conceded accountability of that particular time period. *Id.*

Consequently, I would not further advance the language in *O'Donnell*. Rather, it should be viewed as inadvertent or aberrational.