**Joseph SOLOMON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9109–CR–421.[1]

Court of Appeals of Indiana, First District.

Feb. 25, 1992.

Howard Howe, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Joseph Solomon appeals his conviction of robbery, a class B felony, for which he received a sentence of twenty years. Solomon alleges the trial court committed reversible error under Ind.Crim. Rule 4(C) by proceeding to trial over his objection that more than one year had elapsed between his arrest and trial. We agree; accordingly, we reverse his conviction.

1. This case was reassigned to this office on February 6, 1992 by direction of the Chief Judge.

The State charged Solomon by information on November 3, 1988. He was arrested on that charge on December 28, 1988 and trial was scheduled for April 20, 1989. Pursuant to Crim.R. 4(C), the State needed to bring Solomon to trial within 365 days of his arrest or by December 28, 1989. *See State ex rel. O'Donnell v. Cass Superior Court* (1984), Ind., 468 N.E.2d 209, 210.

The record reflects that on April 12, 1989, the parties jointly moved for a continuance of the trial scheduled for April 20, 1989. That motion was granted. However, no rescheduling was done until May 3, 1989 when trial was scheduled for July 27, 1989, still within the original one-year period. When a defendant agrees to a continuance before a trial date is set, those days are not attributed to the defendant for purposes of Crim.R. 4(C). *State ex rel O'Donnell*, 468 N.E.2d at 211. The defendant may assume that when a trial date is finally set it will conform to the limitations of the rule. *Id.*

The next delay occurred on July 19, 1989 when the State moved for a continuance. The cause was reset for trial on October 5, 1989, still within the one-year period.

On September 27, 1989, Solomon requested a continuance. The matter was not reset until November 1, 1989, thirty-seven days later. A delay attributable to the defendant runs from the time the motion is filed until the judge rules on the motion. *Rudy v. State* (1976), 168 Ind.App. 73, 341 N.E.2d 516, 519. The State now had to bring Solomon to trial by February 3, 1990. Trial was scheduled for January 18, 1990.

On January 10, 1990, the January 18, 1990, trial date was vacated by the court. No trial date was set. At the pretrial conference which followed on January 24, 1990, defense counsel Rutherford was permitted to withdraw because of a conflict of interest and the matter was again set for pretrial conference. The next entry in the record is a pretrial conference memorandum dated January 31, 1990 showing only that the pretrial conference had been continued by the court. No reason for the continuation of the proceedings is given. When the record is silent concerning the reason for the delay, it is not attributable to the defendant. *Morrison v. State* (1990), Ind., 555 N.E.2d 458, 461. Moreover, congestion will not be assumed when the docket entry states no reason for the delay. *Pillars v. State* (1979), 180 Ind.App. 679, 390 N.E.2d 679, 683. *See also Young v. State* (1988), Ind., 521 N.E.2d 671, 674. Presumably, the change in counsel necessitated the delay; however, Solomon did not cause his attorney's resignation and he cannot be charged with the delay. *See id.* at 673.

Solomon made no objection to the scheduling of the next pretrial conference on February 14, 1990, or the trial, beyond the one-year mark and therefore waived his objection to the next scheduled trial date. *Id.; State v. Tomes* (1984), Ind.App., 466 N.E.2d 66, 70 (Waiver arises only where defendant learns, within the period during which he could properly be brought to trial, that the court proposes trial on an untimely date). From this point on, Solomon had no duty to object to the setting of a belated trial date when the act of setting such date occurred after the time expires such that the court cannot reset the trial date within the time allotted by the rule. *Morrison*, 555 N.E.2d at 461. All Solomon need have done is move for discharge. *Id.*

On January 16, 1991, trial was scheduled for March 14, 1991 over Solomon's speedy trial objection, nearly a full year after the one-year period contemplated by Crim.R. 4(C) expired. His motion for discharge was denied. Solomon was finally tried on March 28, 1991, a total of 402 days after the expiration of the period.

The record establishes that Solomon was denied his right to a speedy trial and was entitled to discharge. We reverse his conviction and order that he be discharged.

Judgment reversed.

BAKER and CONOVER, JJ., concur.