Michael E. HARRINGTON,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–9006–CR–360.

Court of Appeals of Indiana,
Second District.

March 2, 1992.

Stephen W. Dillon, Andrew C. Maternowski, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Michael E. Harrington brings an interlocutory appeal challenging the trial court's denial of his motion for discharge pursuant to Ind.Crim.Rule 4(C).

We reverse and remand with instructions.

### ISSUE

Whether a minimum of 365 days of the 1032 days from the date the State charged Harrington to the date Harrington moved for discharge must be charged to the State for purposes of Crim.R. 4(C).

### FACTS

*Period I (121 days)*

On May 4, 1987, Harrington was charged by information with seven criminal counts and appeared at his initial hearing with counsel. A few days later the State filed an habitual offender count. Subsequently, Harrington's trial was set for September 2, 1987. The parties agree that the 121 days from May 4, 1987 to September 2, 1987 are chargeable to the State for purposes of Crim.R. 4(C).

*Period II (405 days)*

Due to a variety of reasons, Harrington's trial was repeatedly postponed, with a trial date of October 11, 1988 eventually set. Both parties agree the time from September 2, 1987 to October 11, 1988 (a total of 405 days) is not chargeable to the State for purposes of Crim.R. 4(C).

*Period III (189 days)*

On September 2, 1988, the parties agreed to continue the hearing on Harrington's motion to suppress, filed May 17, 1988, and the State was instructed to advise the trial court within one week as to the new date for the suppression hearing. On September 7, 1988, the suppression hearing was

set for October 12, 1988. On October 6, 1988, the State moved to transfer the case from Tippecanoe Superior Court to Tippecanoe Superior Court 2. Harrington unsuccessfully objected to the motion for transfer. As a result of the transfer to Tippecanoe Superior Court 2, neither the trial scheduled for October 11, 1988, nor the October 12, 1988 suppression hearing occurred. In late October 1988, the case was transferred back to the Tippecanoe Superior Court. On January 23, 1989, the case was set for trial for April 18, 1989. The parties disagree whether the time from October 11, 1988 to April 18, 1989 (a total of 189 days) is chargeable to the State.

*Period IV (317 days)*

On April 3, 1989, Harrington filed a motion requesting a special judge and a motion requesting a special prosecutor. On April 12, 1989, the trial court continued the April 18, 1989 trial date on Harrington's motion of April 5, 1989—which motion was made in light of Harrington's motion for a special prosecutor—and ordered the parties to appear on April 21, 1989 to set a new trial date. On April 21, 1989, the trial court set a hearing for all pending motions for May 18, 1989; a trial date was not set. On May 18, 1989 the trial court granted Harrington's motion for a special prosecutor.

On August 3, 1989, the parties informed the trial court they had agreed on a special prosecutor. On that day, the trial court ordered the parties to appear on August 18, 1989 to set a trial date. On August 18, 1989 the State moved to continue the hearing to set the trial date; the trial court reset the hearing for September 21, 1989. On September 21, 1989, the trial court conducted a pretrial conference and the parties agreed to enter into plea bargain negotiations. The trial court ordered the parties to inform the court whether the hearing scheduled on October 30, 1989 would be another pretrial conference or a guilty-plea hearing. The trial court did not set a trial date but indicated that on October 10, 1989, it would set a trial date if necessary.

On October 30, 1989, Harrington moved to continue the hearing scheduled for that day. The trial court granted the continuance and directed the parties to appear and assign the case for disposition within twenty days. On December 7, 1989, the State filed a praecipe for jury trial. On February 21, 1990, the trial court set the case for trial on June 5, 1990 and notified counsel by sending a copy of its order.

On March 1, 1990, Harrington moved for discharge pursuant to Crim.R. 4(C). A hearing on Harrington's motion was held on April 30, 1990, and the trial court denied the motion on May 27, 1990. Subsequently, Harrington moved to stay the trial court's proceedings and brought this appeal. The parties disagree whether the time from April 18, 1989 to March 1, 1990 (a total of 317 days) is chargeable to the State for purposes of Crim.R. 4(C).

## DISCUSSION

Indiana Rule of Criminal Procedure 4(C) provides in pertinent part:

No person shall be held on recognizance or otherwise to answer for a criminal charge for a period in aggregate embracing a period of more than one year from the date of the criminal charge against such defendant is filed, or from the date of his arrest on such, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.... Any defendant so held shall, on motion, be discharged.

In reviewing the trial court's denial of Harrington's motion for discharge, we consider whether at least 365 days of the 1032 days from the date Harrington was charged to the date he moved for discharge are chargeable to the State.

There are two time periods in dispute: the 189 days from October 11, 1988 until April 18, 1989 (Period III) and the 317 days from April 18, 1989 to March 1, 1990 (Period IV). However, we address only the parties' arguments pertaining to Period IV as it is dispositive.

The State claims the time in Period IV is not chargeable to it because Harrington's

motion to continue caused the delay. Alternatively, the State argues that only a portion of the delay from April 18, 1989 to March 1, 1990, when Harrington moved for discharge, is due to the prosecution's conflict because Harrington moved to continue a hearing scheduled for October 30, 1989.

Harrington claims the blame for the delay belongs to the State because the prosecutor had a conflict arising from his prior representation of Harrington in a criminal matter, and this conflict made the appointment of a special prosecutor necessary. He argues that to charge a defendant with the delay occasioned by a prosecutor's conflict would force a defendant to choose between a speedy trial and a fair trial. Harrington also claims his October 30 motion to continue the hearing set that same date cannot result in any portion of the delay being charged to him because a trial date had not been set at the time he moved to continue the hearing.

 Any delay resulting from a prosecutor's conflict, even if the delay technically results from a defendant's motion to continue, is chargeable to the State. In *Biggs v. State* we acknowledged, in general, "a defendant is chargeable with delay occasioned by his own request for a continuance." (1989), Ind.App., 546 N.E.2d 1271, 1274. However, a defendant cannot be charged with the delay if the defendant made his motion because the State failed to comply with a discovery request. *See id.* at 1275. We offered the following explanation for this exception to the general rule: "[Putting] defendants in a position whereby they must either go to trial unprepared due to the State's failure to respond to discovery requests or waive their rights to a speedy trial, is to put the defendants in an untenable situation." *Id.*

The rationale for not charging the delay to the defendants in *Biggs* compels not charging the delay occasioned by the prosecutor's conflict in this case to Harrington, even though the delay was had on Harrington's motion to continue. Just as a defendant should not have to choose between a speedy trial and a fair trial as a result of the State's failing to comply with a discovery order, a defendant should not be forced to choose between a speedy trial and a fair trial as a result of the prosecutor's failure to identify and cure his conflicts.

The State's argument that only a portion of the delay occasioned by the prosecutor's conflict is chargeable to the State due to Harrington's motion to continue a pretrial hearing set for October 30, 1989 is unavailing. The delay, occasioned by Harrington's motion, cannot be charged to him because Harrington's motion to continue the pretrial hearing was made before the trial court established a trial date. *See Morrison v. State* (1990), Ind., 555 N.E.2d 458, 461; *State ex rel. O'Donnell v. Cass Superior Court* (1984), Ind., 468 N.E.2d 209, 211 (continuances made prior to establishment of a trial date cannot be charged to defendant).

We hold that all of Period IV (317 days) must be charged to the State. Thus, at least 438 days are chargeable to the State, contrary to the mandate of Crim.R. 4(C) (121 days in Period I plus 317 days in Period IV).

We reverse the trial court's order and order the cause remanded to the trial court with instructions to grant Harrington's motion for discharge.

BUCHANAN and MILLER, JJ., concur.