**Bobby Lee CARR, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–0212–CR–418.

Court of Appeals of Indiana.

June 27, 2003.

Benjamen W. Murphy, Walter J. Alvarez, P.C., Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Bobby Lee Carr, Jr. brings this discretionary interlocutory appeal under Indiana Appellate Rule 14(B) from the trial court's denial of his Motion for Discharge pursuant to Indiana Criminal Rule 4(C). Carr presents a single issue for review, namely,

whether the trial court erred when it denied his motion for discharge.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On September 24, 2001, the State filed a six-count information against Carr, alleging that he had committed various sex offenses against two children. Specifically, Counts I through V alleged that Carr performed or submitted to unlawful sex acts with L.C., a child at least fourteen years of age but less than sixteen years of age, and Count VI alleged that he performed or submitted to unlawful sex acts with S.C., a child less than fourteen years of age. On or about October 3, 2001, Carr was incarcerated in Illinois, and on October 5, 2001, he was transferred to Lake County, Indiana, and posted bond.[1] On October 18, 2001, the court conducted an initial hearing and scheduled an omnibus hearing for December 13, 2001. On Carr's motion, the court rescheduled the omnibus hearing for February 13, 2002.

On January 29, 2002, Carr's counsel moved to withdraw at Carr's request. On February 13, 2002, the court granted the motion to withdraw and, on that same date, new counsel entered an appearance on Carr's behalf. Once again, upon Carr's request, the court reset the omnibus hearing for March 21, 2002. On March 21, 2002, the court scheduled a jury trial on all six counts contained in the information for September 30, 2002.

On September 25, 2002, five days prior to trial, Carr filed his Motion for Separate Trials, wherein he requested that the court sever Counts I through V from Count VI. On September 26, 2002, the State notified the court that it had no objection to Carr's motion. On September 27, 2002, the State informed the court of its preference to proceed to trial on Count VI, and Carr had no objection to proceeding to trial on that count. That same day, the court granted Carr's motion for separate trials.

On September 30, 2002, the parties proceeded to trial on Count VI, and on October 3, 2002, the jury found Carr guilty as charged. The trial court scheduled Carr's sentencing hearing for November 8, 2002.

On November 8, 2002, Carr moved for discharge and alleged that the State had failed to try him on Counts I through V within one year. That same date, the court scheduled Carr's jury trial on those remaining counts for November 12, 2002. Following a hearing, the trial court denied Carr's motion for discharge and issued the following findings:

1. Counts I through V were, in fact, set for trial within the one (1) year requirement.

2. On September 25, 2002, five (5) days before the trial, the defendant moved for a separate trial. On September 27, 2002, the motion for separate trial was granted.

3. The defendant had been charged on September 24, 2001. Benjamin [sic] Murphy has been defendant's attorney since February 13, 2002.

4. The defendant's delay in filing a motion for separate trials caused the issue of the remaining counts not being tried within one (1) year.

5. The defendant continued the matter several times causing delay of 98 days before the trial was set.

The Court finds the defendant's Criminal Rule 4 rights were not violated. Upon

1. The Chronological Case Summary ("CCS") does not clearly state the date on which Carr was arrested. However, the parties agree that for purposes of calculating the one-year period under Criminal Rule 4(C), October 5, 2001, is the start date.

Carr's request, the court certified the issue for interlocutory appeal. This court accepted jurisdiction of the appeal on January 21, 2003.

## DISCUSSION AND DECISION

Carr contends that the court erred when it denied his motion for discharge on Counts I through V of the information. Specifically, he asserts that the trial court erred when it attributed periods of delay to him as a result of: (1) his two motions to continue the omnibus hearing; and (2) his motion to have separate trials. Carr contends that because those periods of delay are not attributable to him, he is entitled to discharge under Criminal Rule 4(C) as a result of the State's failure to bring him to trial on those charges within one year from the date of his arrest.

■ The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Clark v. State*, 659 N.E.2d 548, 551 (Ind.1995). This "fundamental principle of constitutional law" has long been zealously guarded by our courts. *Id.* (quoting *Castle v. State*, 237 Ind. 83, 143 N.E.2d 570, 572 (1957)). To this end, the provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right. *Id.* Specifically, Criminal Rule 4(C) provides in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his

act, or where there was not sufficient time to try him during such period because of congestion of the court calendar[.]

■ Under this rule, a defendant may seek and be granted a discharge if he is not brought to trial within the proper time period. *State v. Hurst*, 688 N.E.2d 402, 407 (Ind.1997). However, if a defendant seeks or acquiesces in a delay that results in a trial date beyond the one-year limit, the time limitations set by Criminal Rule 4 are extended by the length of such delays. *Id.* (quotations and citation omitted). Again, there are only two periods of delay disputed in this case: (1) the 98 days of delay caused by Carr's two motions to continue the omnibus hearing; and (2) the delay caused by Carr's motion for separate trials. We address Carr's arguments regarding those periods of delay in turn.[2]

### I. Motions to Continue Omnibus Hearing

Carr first asserts that the trial court erred when it charged 98 days of delay to him as a result of his two motions to continue the omnibus hearing. In particular, Carr contends that because he requested and was granted those continuances before the court had set a trial date, no delay should be attributable to him. We must agree.

Indiana courts have stated that a defendant's request or agreement to continue an omnibus hearing, prior to the setting of a trial date, does not result in delay chargeable to that defendant under Criminal Rule 4. *Hurst*, 688 N.E.2d at 407; *Morrison v. State*, 555 N.E.2d 458, 461 (Ind. 1990); *State ex rel. O'Donnell v. Cass Superior Court*, 468 N.E.2d 209, 211 (Ind.

---

**2.** In its Summary of the Argument, the State asserts that Carr should be attributed delay as a result of his change in attorneys. But the trial court did not address that issue in its findings, and the State failed to present cogent argument in support of that contention.

1984); *Ritchison v. State*, 708 N.E.2d 604, 606 (Ind.Ct.App.1999), *trans. denied; Nance v. State*, 630 N.E.2d 218, 220 (Ind. Ct.App.1994), *aff'd on reh'g*, 636 N.E.2d 1292 (1994); *Harrington v. State*, 588 N.E.2d 509, 511 (Ind.Ct.App.1992); *Solomon v. State*, 588 N.E.2d 1271, 1272 (Ind. Ct.App.1992). Our supreme court first addressed this issue in *State ex rel. O'Donnell.* In that case, the State alleged that the defendant was responsible for delay following the parties' agreement to continue the omnibus hearing. 468 N.E.2d at 210–11. The defendant, however, alleged that no delay should be charged to him, even though he acquiesced in the continuance, because no trial date had been established when he agreed to the continuance. *Id.* at 211. The court rejected the State's position and agreed with the defendant:

> In the case at bar, it was the action of the State which resulted in the long delay in this relatively simple matter. [Defendant] did notify the court within two days of the setting of a trial date that the date was beyond the rule.... We believe he has done all that is required of a defendant. *When a defendant has agreed to a continuance prior to the setting of any trial date, those days shall not be attributed to the defendant for the purposes of [Criminal Rule] 4(C). A defendant in that situation can only assume that when a trial date is finally set it will conform to the limitations of the rule.* If the court then sets a date beyond the boundaries of the rule, a defendant has a duty to notify the court of its error. In the case

at bar, [the defendant] did, in fact, notify the court. The purpose of the rule can only be guaranteed by the discharge of [the defendant] in the case at bar.

*Id.* (emphasis added).[3]

Thereafter, in *Morrison*, 555 N.E.2d at 461, our supreme court addressed the same question but under slightly different facts. Unlike in *State ex rel. O'Donnell* where the defendant agreed to continue the hearing, the defendant in *Morrison* moved to continue the omnibus hearing prior to the setting of a trial date. The court, discussing whether that delay was attributable to the defendant in that case, stated in relevant part:

> The Court of Appeals attributed the first delay ... to the defendant because his motion to continue the omnibus hearing delayed the setting of the trial date and hence the ultimate trial date. This comports with Justice DeBruler's dissent in *State ex rel. O'Donnell* [ ]. The defendant correctly now claims that the treatment of this delay contravenes *State ex rel. O'Donnell.* However, in his motion for discharge and at its hearing, the defendant *conceded* the 39–day period. The period is thus properly attributed to the defendant.

555 N.E.2d at 461 (emphasis in original) (internal citation omitted). Thereafter, relying on the decisions in *State ex rel. O'Donnell* and *Morrison*, this court has repeatedly stated that a defendant's motion to continue an omnibus or pre-trial hearing, prior to the setting of a trial date,

**3.** Justice DeBruler dissented with a separate opinion, which provides in part:

> My judicial experience is that such general continuances of a cause by agreement of the parties typically reflect their free choice that advancement of the cause towards final resolution be stopped until one of the parties or the court restarts it. The cessation of activity occasioned and sanctioned by the

agreement generally causes a delay in bringing the cause to trial, within the intendment of [Criminal Rule 4]. Such delay should extend the one year period for bringing the accused to trial in the same manner as would his motion for continuance of the trial.

468 N.E.2d at 211 (DeBruler, J., dissenting).

should not be counted as a delay caused by the defendant. *See Nance,* 630 N.E.2d at 220 (stating requests for continuances are only charged against defendant, thereby increasing amount of time State has to bring him to trial, if trial date is set when request is made); *Harrington,* 588 N.E.2d at 511 (stating delay from defendant's motion to continue pre-trial hearing made prior to establishment of trial date could not be charged to defendant); *Solomon,* 588 N.E.2d at 1272 (stating where defendant agrees to continuance before trial date is set, those days not attributed to defendant).

In 1997, our supreme court reiterated this same principle in *Hurst,* 688 N.E.2d at 407. The issue in *Hurst* was whether a defendant's motion to dismiss caused delay, and the court cited *State ex rel. O'Donnell* and *Morrison* as examples of opinions in which the court had discussed "the effect of timing on determining whether a defendant's actions caused a delay in trial." *Id.* The court held that the defendant's motion to dismiss, which he filed prior to the setting of a trial date, did not cause delay and, thus, the defendant was entitled to discharge under Criminal Rule 4(C). *Id.* at 407–08.[4]

Eleven days following the supreme court's decision in *Hurst,* this court handed down *Frisbie v. State,* 687 N.E.2d 1215 (Ind.Ct.App.1997), *trans. denied.* In *Frisbie,* the State filed charges against the defendant on December 15, 1994. *Id.* at 1216. The defendant had already been incarcerated when charges were filed. In March 1995, the defendant was arraigned, and the court scheduled a mandatory disposition conference for September 7, 1995. On September 7, the defendant requested an omnibus hearing, which the court

scheduled for December 7, 1995. Thereafter, the defendant requested and was granted four consecutive continuances of omnibus and/or pre-trial hearings. Finally, on July 11, 1996, the court reset a pretrial conference for January 14, 1997 and set a bench trial for March 19, 1997. Following multiple additional continuances at the defendant's request, he moved for discharge in February 1997. The trial court denied his motion, and the defendant appealed. *Id.*

On appeal, the defendant argued that his requests for continuances should not be charged against him under Criminal Rule 4(C) because no trial date had been set when he moved for the continuances. *Id.* at 1217. In support, he directed this court to *State ex rel. O'Donnell* and *Morrison.* But the majority opinion in *Frisbie* rejected the defendant's assertion that those cases were applicable, explaining in relevant part:

> In *O'Donnell,* our supreme court determined that an agreed continuance, which occurred prior to the trial setting, was not attributable to the defendant because the defendant did realize at that point that the trial date would be set beyond the boundaries of the rule, and foremost, because the defendant notified the trial court within two days of the trial setting that the date was outside the rule's time frame. *In dictum,* the majority states, "When a defendant has agreed to a continuance prior to the setting of any trial date, those days shall not be attributed to the defendant for the purposes of [Criminal Rule 4(C) ]." In *Morrison,* our supreme court found that the delay prior to a trial setting was properly charged to the defendant, inasmuch as the defendant had conceded

4. We note that Justice Sullivan dissented without opinion on the Criminal Rule 4(C)

issue. *See Hurst,* 688 N.E.2d at 408.

accountability of that particular time period. *A careful review of the language of these two cases discloses that neither supports a conclusion that the defendant may* <u>request</u> *continuances without accountability.*

*Id.* (citations omitted) (emphases added). Accordingly, the majority held that the trial court properly charged the defendant with delay resulting from the multiple continuances he requested. *Id.*

Judge Darden filed a dissenting opinion in *Frisbie* and explained his concern with the initial period of delay between the date the State charged the defendant and the date of the arraignment. *Id.* at 1217–18 (Darden, J., dissenting). He also noted that the defendant's written request for a jury trial appears to have been ignored. *Id.* at 1218. Moreover, Judge Darden disagreed with the majority's characterization of the discussion in *State ex rel. O'Donnell* regarding a defendant's agreement to a continuance prior to setting of a trial date as dictum. *Id.* Rather, Judge Darden interpreted that quoted portion of the discussion in *State ex rel. O'Donnell* "as directly responding to [an] argument of the State and consequently not constituting dictum." *Id.* He further took issue with the majority's treatment of *Morrison,* explaining in part that he could not "agree that the single cited portion of the serial analysis discussing *Morrison*'s complex chronology may alone sustain the majority's conclusion." *Id.* Additionally, Judge Darden emphasized that it is the State's obligation to bring the defendant to trial within one year, not the duty of the accused. *Id.* Under the facts in *Frisbie,* Judge Darden would have reversed the trial court's order denying discharge. *Id.* at 1219.

Here, the State relies on the majority opinion in *Frisbie* to support its argument that Carr should be responsible for the 98 days of delay which occurred as a result of his two motions to continue the omnibus date. However, we must agree with Carr that *Frisbie* is inapplicable. First, when the defendant in *Frisbie* requested his initial continuance of the omnibus hearing, the trial court rescheduled that hearing for a date nearly two months beyond the one-year period in which he should have been brought to trial. 687 N.E.2d at 1216. The defendant in *Frisbie* did not object to the setting of the omnibus hearing beyond the one-year period, which had the effect of ensuring that his trial date would not comport with Criminal Rule 4. *Id.* In this case, however, Carr's motions to continue the omnibus hearings occurred in December 2001 and February 2002, several months before the end of the one-year period under Criminal Rule 4(C). Moreover, unlike the defendant in *Frisbie* who waited until nearly two years following the date he was charged to seek discharge, Carr sought discharge in November 2002, alleging that his one-year period to be tried under Criminal Rule 4(C) had expired on October 5, 2002.

Not only is *Frisbie* distinguishable on its facts, but we agree with Judge Darden's dissenting opinion that the majority's interpretation of *State ex rel. O'Donnell* and *Morrison* in that case was flawed. Specifically, we agree with Judge Darden, for reasons he explained, that the following statement in *State ex rel. O'Donnell,* 468 N.E.2d at 211, is not dictum: "When a defendant has agreed to a continuance prior to the setting of any trial date, those days shall not be attributed to the defendant for purposes of [Criminal Rule 4(C)]." In addition, our reading of *Morrison,* 555 N.E.2d at 461, is that the court reaffirmed *State ex rel. O'Donnell* when it stated, "The defendant correctly now claims that the treatment of this delay [by the court of appeals] contravenes *State ex*

*rel. O'Donnell.*" However, because the defendant in *Morrison* had conceded that he was chargeable with delay as a result of his motion to continue the omnibus date before a trial date was set, the trial court correctly attributed such delay to him for Criminal Rule 4 purposes. *Id.* Again, we find significant that just prior to this court's opinion in *Frisbie,* our supreme court cited both *State ex rel. O'Donnell* and *Morrison* with approval. *See Hurst,* 688 N.E.2d at 407.

In sum, *Frisbie* is an anomaly and, thus, we reject the State's invitation to apply it in this case.[5] Rather, we follow the line of cases which have consistently held that a request for a continuance of an omnibus date is charged against the defendant only if a trial date is set when that request is made. *See Hurst,* 688 N.E.2d at 407; *Morrison,* 555 N.E.2d at 461; *State ex rel. O'Donnell,* 468 N.E.2d at 211; *Nance,* 630 N.E.2d at 220; *Harrington,* 588 N.E.2d at 511; *Solomon,* 588 N.E.2d at 1272. Here, because no trial date had been set when Carr moved for two consecutive continuances of the omnibus hearing, the trial court erred when it attributed 98 days of delay to him.

### II. Motion for Separate Trials

Carr also claims that the court erred when it attributed delay to him because of his motion for separate trials. Specifically, he asserts that because he has a statutory right to be tried on Count VI separate from the other five counts, he should not be charged with delay. In the alternative, Carr argues that any delay resulting from his motion for separate trials amounts to no more than two days. Accordingly, Carr

contends that the State was required to try him on Counts I through V, at the latest, by October 7, 2002.

Carr had a statutory right to sever Count VI from Counts I through V for purposes of trial. *See* Ind.Code § 35–34–1–11(a) (providing defendant shall have right to severance of offenses where two or more offenses have been joined for trial in same information solely on ground that they are of same or similar character). However, as this court explained in *Sturgeon v. State,* 683 N.E.2d 612, 616 (Ind.Ct. App.1997), *trans. denied,* "[i]t does not matter that the defendant's act was justifiable or meritorious, since it is not the motive behind defendant's actions, but the effect of his actions, that determines whether the delay is chargeable to him." (quotations and citations omitted). Here, the trial court scheduled trial on all six counts for September 30, 2002. When Carr filed his motion to sever on September 25, 2002, the effect of that motion was a delay in trial on Counts I through V. Accordingly, we reject Carr's assertion that no delay should be attributable to him as a result of his decision to exercise his right to have separate trials. *See Hurst,* 688 N.E.2d at 408 (stating "[t]he one year time period should be extended because of defendant's actions only if the defendant does something that is inconsistent with being brought to trial by the trial date or within one year.").

Having determined that the court properly charged Carr with delay as a result of his motion for separate trials, we must now decide how much delay is attributable to him.[6] "A delay attributable

---

5. Although the supreme court denied transfer in *Frisbie,* "[t]he denial of a Petition to Transfer shall have no legal effect other than to terminate the litigation between the parties in the Supreme Court." Ind.App. Rule 58(B).

6. As Carr points out, the trial court's order did not specify any period of delay chargeable to him, and the State does not offer an explanation of the delay on appeal.

to the defendant runs from the time the motion is filed until the judge rules on the motion." *Solomon,* 588 N.E.2d at 1272 (citing *Rudy v. State,* 168 Ind.App. 73, 341 N.E.2d 516, 519 (1976)). In this case, Carr filed his motion for separate trials on September 25, 2002, and the trial court granted his motion two days later on September 27, 2002. By seeking separate trials, Carr's actions extended the period of time in which the State was required to bring him to trial by only two days. Therefore, the State was required to try Carr on the remaining Counts I through V by no later than October 7, 2002.

 As we stated in *Hinds v. State,* 469 N.E.2d 31, 36 (Ind.Ct.App.1984), *trans. denied:*

> When a court grants a defendant's motion to sever two counts that have been joined for trial, the state may not thwart the defendant's speedy trial right by holding one count in abeyance until the other count has been disposed of. Rather, upon severance, it is the state's duty to pursue both of the severed counts so as to bring them to trial within the time limits set by C.R. 4.

Carr's trial on Count VI concluded on October 3, 2002. But no action was taken regarding a trial date on the remaining counts until November 8, 2002, which was the same date Carr filed his motion for discharge. We recognize that by moving for separate trials five days before trial and ten days before the end of the one-year period under Criminal Rule 4, Carr placed the State in a difficult position. However, it is well established that "the burden is on the State, not the defendant, to bring [the] defendant to trial within one year." *Hurst,* 688 N.E.2d at 408.

Moreover, Criminal Rule 4(F) provides that "if the defendant causes any such delay during the last thirty (30) days of any period of time set by operation of this rule, the State may petition the trial court for an extension of such period for an additional thirty (30) days." And Criminal Rule 4(C) allows either the State or the trial court to continue a trial beyond the one-year period due to court congestion. Here, the State could have petitioned for an automatic thirty-day continuance under Rule 4(F), but failed to do so. And although court congestion was clearly an issue given that Carr's trial on Count VI occurred from September 30 through October 3, the court did not issue a written order allowing for a continuance due to congestion as required by Rule 4(C). As a result, the State failed to bring Carr to trial on Counts I through V within one year from the date of his arrest as required by Criminal Rule 4(C). We, therefore, reverse and remand with instructions to the trial court to grant Carr's motion for discharge.

Reversed.

BROOK, C.J., concurs.

BAILEY, J., concurs in result with separate opinion.

BAILEY, Judge, concurring in result.

I am constrained to concur in the result reached by the majority. Simply stated, I agree with the dissent of Justice DeBruler in *State ex rel. O'Donnell v. Cass Superior Court,* wherein he concluded that continuances caused by agreement of the parties are within the intendment of Criminal Rule 4 and should extend the one-year period for bringing the accused to trial. 468 N.E.2d 209, 211 (Ind.1984) (DeBruler, J., dissenting). In my opinion, it is of no moment that the delay caused by the defendant's request for a continuance occurred before or after a trial date was set.

Certainly, it is the defendant's right to be tried within one year from the date the

criminal charge against him is filed. Crim. R. 4. In furtherance of this objective, courts set an omnibus date from which various deadlines are established. IND. CODE § 35–36–8–1. Among other matters, this date determines when discovery is to be completed, when motions are to be filed, and when notice of certain defenses are to be served on the State. *See, e.g.,* IND.CODE § 35–36–4–1 (addressing timing for notice of alibi defense).

The reason for establishing an omnibus date is to provide for the orderly and timely disposition of the criminal charges. In effect, the requirement of an omnibus date strengthens the tenet of the Sixth Amendment to the U.S. Constitution and Article I, Section 12 of the Indiana Constitution. Certainly, through the actions of the accused, the right to a speedy trial, like other rights, can be waived. In my opinion, an agreement between the accused and the prosecutor to continue the omnibus hearing is effectively a continuance of the trial date because the necessary point in time from which various deadlines are established has also been continued by the actions of the accused. In other words, an agreement to delay the orderly and timely disposition of a criminal proceeding is no less attributable to the defendant in this instance simply because no trial date had yet been set.

Frankly, I believe that a continuance of the omnibus hearing invites chaos and, as the law currently stands, affords the defendant the opportunity to gain an unwarranted procedural advantage over the State. Because the trial court granted the defendant's request for a continuance of the omnibus hearing, I am hard pressed to understand how a delay caused by the defendant in establishing this date is prejudicial to him or in conflict with Criminal Rule 4. By obtaining a continuance, Carr

not only delayed judgment day, he avoided trial completely on the bulk of the charges.

I would encourage a re-examination of the precedent that established the rule at issue today. However, because the rule is as it is, I must reluctantly concur in result.