Steven COOK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 33A01–0302–CR–75.

Court of Appeals of Indiana.

Dec. 2, 2003.

Jeffrey A. Baldwin, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

GARRARD, Senior Judge.

On December 11, 2001, Steven Cook was arrested and charged with Dealing in a Schedule II Controlled Substance, a Class A felony, and Possession of a Schedule II Controlled Substance in an Amount Greater than Three Grams within 1000 feet of School Property. When he had not been brought to trial by December 26, 2002 he moved for dismissal of the information alleging a violation of Criminal Rule 4(C). The trial court denied relief, and this appeal followed.

In support of his argument Cook cites *Miller v. State*, 570 N.E.2d 943 (Ind.Ct. App.1991) (Hoffman, J., concurring with opinion) as well as *State ex rel O'Donnell v. Cass Superior Court*, 468 N.E.2d 209 (Ind.1984) (DeBruler, J., dissenting) and *Morrison v. State*, 555 N.E.2d 458 (Ind. 1990) for the proposition that for the purposes of Criminal Rule 4(C) a defendant is not charged with a continuance for which he moves or to which he agrees before a trial date is set. Citing our recent decision in *Carr v. State*, 790 N.E.2d 599 (Ind. Ct.App.2003) the dissent agrees with Cook.

■ We believe Cook has misread the holdings in the cases he cites concerning the effect of continuances *requested by a defendant* on the speedy trial rights afforded by Ind.Crim. Rule 4(C). We have carefully considered the decision in *Carr* and the authorities relied on therein. With all due respect, we conclude that while some confusion exists in the caselaw, the better view requires that for purposes of Crim. R. 4(C) a defendant should be charged with delays he has expressly requested, whether or not a trial date has actually been set on the trial court's calendar at the time the request is made. To explain our reasoning, we review both the cases cited by Cook and the additional cases relied upon by the *Carr* court.

■ At the outset we note the long established premise that the purpose of Crim. R. 4(C) is to create early trials, not to. discharge defendants. *State ex rel O'Donnell v. Cass Superior Court*, 468 N.E.2d 209, 211 (Ind.1984) (DeBruler, J., dissenting). On the other hand, it is equally well established that a defendant is under no duty to take affirmative action to ensure his being brought to trial within the time guidelines of the rule. *Id.*

In *O'Donnell* our supreme court held that for purposes of Crim. R. 4(C) where no trial date had been set a defendant would not be charged with delays he had simply agreed to. The court noted that it was the action of the state which had resulted in the long delay. The defendant had promptly notified the court when a proposed trial date was set that the date was beyond the time allowed by the rule, and when the notification occurred there remained three weeks within which the defendant could have been properly

brought to trial. The court accepted defendant's argument that having a trial date set created a benchmark from which to gauge his decision whether or not to agree to a continuance. The court said that a defendant agreeing to a continuance before a trial date is set can only assume that when a trial date is finally set, it will conform to the limitations of the rule. 468 N.E.2d at 211.

Six years later in *Morrison v. State,* 555 N.E.2d 458 (Ind.1990) the court cited *O'Donnell* concerning delay incurred before a trial date had been set, but ruled that the delay in that case was properly chargeable to the defendant because he had conceded the thirty-nine day period in question in his motion for discharge. 555 N.E.2d at 461.

These were the two decisions cited by the majority in *Miller v. State,* 570 N.E.2d 943 (Ind.Ct.App.1991) (Hoffman, J., concurring with opinion) for its *dictum* that "(f)or Criminal Rule 4(C) purposes a defendant is not charged with a continuance *for which he moves* or to which he agrees before a trial date is set." 570 N.E.2d at 945. (The court actually held that another motion by the defendant to exclude testimony and continue the trial after a trial date had been set forestalled the running of the Crim. R. 4(C) period beyond the date defendant moved for discharge.) As Judge Hoffman pointed out in his concurring opinion, the language of *O'Donnell* does not support a conclusion that the defendant may *request* a continuance without accountability for Crim. R. 4(C) purposes. 570 N.E.2d at 946, 947.

Thus, in *Frisbie v. State,* 687 N.E.2d 1215, 1217 (Ind.Ct.App.1997) (Darden, J., dissenting), *rehearing den.* the court held that where the defendant *requests* the continuance(s), the resulting delay is chargeable to him for Crim. R. 4(C) purposes even though at the time of the requested delay there had been no trial setting.

The court in *Carr* acknowledged *Frisbie,* but characterized it as "an anomaly". 790 N.E.2d at 606. The court said it would "follow the line of cases which have consistently held that a request for a continuance ... is charged against the defendant only if a trial date is set when that request is made." *Id.* In addition to *O'Donnell* and *Morrison,* the court cited *State v. Hurst,* 688 N.E.2d 402 (Ind.1997); *Nance v. State,* 630 N.E.2d 218 (Ind.Ct.App.1994); *Harrington v. State,* 588 N.E.2d 509 (Ind. Ct.App.1992); and, *Solomon v. State,* 588 N.E.2d 1271 in support.[1] After reviewing each of these decisions, we conclude they do not support the result in *Carr* as clearly as the panel asserted.

In *State v. Hurst,* 688 N.E.2d 402 (Ind. 1997) the trial court had discharged the defendant on double jeopardy grounds. The state appealed and the defendant countered that he was entitled to discharge under Crim. R. 4(C). Our supreme court determined that there had been no double jeopardy, but that Hurst was entitled to discharge under Crim. R. 4(C). Hurst had been charged on December 20, 1994. On March 22, 1995 he filed his motion to dismiss before any trial date had been set. The court did not rule on that motion for 363 days, ninety days after the expiration of the initial one year period. In holding that this did not comply with

1. Earlier in its opinion the court also cited *Ritchison v. State,* 708 N.E.2d 604 (Ind.Ct. App.1999) for the proposition that our courts have stated that a requested delay will not be charged to a defendant when made before the setting of a trial date. Ritchison held that

delay occasioned for six months while the parties were engaged in plea negotiations was properly charged to the defendant. Additionally, it did not assert that delays requested by a defendant should not be charged to him.

the requirements of the rule, the court said, "Defendant filed the motion at the early end of the time period and before a trial date was set. He had a reasonable expectation that the motion would be ruled on in due course and that, if it came to trial, he would be tried within the correct time limit."[2] 688 N.E.2d 408.

While this represents a departure from the ordinary rule that a defendant will be charged with the delay occurring between the time he files a motion and the date the motion is ruled upon, it does not address continuances requested by a defendant.

We recognize that in *Nance v. State*, 630 N.E.2d 218 (Ind.Ct.App.1994) in considering a series of delays, the court held that continuances requested by a defendant before a trial date had been set were not chargeable to him for Crim. R. 4(C) purposes. The only authority the court cited for this proposition was *Solomon*, which we consider next.

Perhaps the strangest thing about *Solomon v. State*, 588 N.E.2d 1271 (Ind. Ct. App.1972), is the context in which the reference to a defendant agreeing to a continuance occurred. Solomon was charged on November 3, 1988 and was arrested on December 28, 1988. The court promptly set the case for trial, to commence April 30, 1989. On April 12, 1989 the parties jointly moved for a continuance of the trial date. The court continued, "However, no rescheduling was done until May 3, 1989 when trial was scheduled for July 27, 1989, still within the original one-year period. When a defendant agrees to a continuance before a trial date is set, those days are not attributed to the defendant for purposes of Crim. R. 4(C)." 588 N.E.2d at 1272. (The appeal was ultimately granted because the court found that once the peri-

od under Crim. R. 4(C) expired, the defendant had no further duty to object to a late setting). We seriously question whether the rationale of *O'Donnell* should apply to relieve a defendant of responsibility for delays he initiates or agrees to *after* a trial date has once been set. At that juncture a defendant necessarily knows that he is potentially occasioning delay in his trial.

*Harrington v. State*, 588 N.E.2d 509 (Ind.Ct.App.1992) is subject to the same criticism as *Solomon* since the court was dealing with delays which occurred after the case had originally been set for trial and then the trial date was continued. The holding in *Harrington* is that any delay resulting from a prosecutor's conflict of interest is to be charged to the state, even if it technically results from a defendant's motion for continuance. 588 N.E.2d 511.

While we would like to be able to reconcile these decisions into a coherent whole, we recognize that we cannot do so in this case. We do recognize that the decisions were premised upon various considerations, and that despite some of the language contained therein, little attention was seemingly given to the precise role to be played by a defendant's personal initiation of delay in the proceedings.

■ If we return to the plain language of the rule, itself, we see that Crim. R. 4(C) states that no person shall be held to answer to a criminal charge for more than one year from the date of the charge or the date of his arrest, whichever is later;

> "except where a continuance was had on his motion, or where the delay was caused by his act. . . ."

2. In dicta, the court noted that if the motion were filed within sixty days of the trial date, or if a defendant filed numerous pre-trial mo-

tions, the result might be different. 688 N.E.2d at 408.

The *O'Donnell* court said that where [early in the one year period] the defendant agrees to a continuance requested by the state, he can assume that when a trial date is eventually set, it will conform to the limitations of the rule. That is certainly a reasonable interpretation in light of the state's duty to bring the defendant to trial within a year.

We believe, however, that the same thing cannot be said in instances where the defendant requests a continuance in an omnibus hearing or pretrial conference. That is especially true where, as here, a defendant requests no less than five such continuances. When it is the defendant that seeks such a continuance, he must know that he is potentially delaying the date upon which his trial will commence. We believe that *Frisbie, supra*, was correctly decided. Crim. R. 4(C) expressly excludes from the computation of the one year period within which to bring a defendant to trial "... where a continuance was had on [defendant's] motion. ..." Here, in requesting five continuances of the pretrial conference, Cook must be charged with knowledge that this could delay the commencement of his trial. Accordingly, the one hundred and five days of delay caused by Cook's requested continuances are chargeable to him. That carried the date by which he was entitled to be brought to trial far beyond the December 26, 2002 date upon which he moved for discharge. The trial court correctly denied his motion to dismiss.

Affirmed.

BARNES, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

Because of the similarity between the procedural chronology in this case and that in *Carr v. State*, 790 N.E.2d 599 (Ind.Ct. App.2003) and upon the reasoning of that decision, I respectfully dissent.