**Steven D. COOK, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 33S01–0406–CR–288.

Supreme Court of Indiana.

June 30, 2004.

Jeffrey A. Baldwin, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General of Indiana, Indianapolis, IN, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 33A01–0302–CR–00075.

SULLIVAN, Justice.

There is conflicting authority as to whether, prior to any trial date being set, delays caused by a defendant extend the one-year deadline for bringing a defendant to trial under Indiana Criminal Rule 4(C). We hold that they do.

### Background

On December 11, 2001, Defendant Steven D. Cook was arrested and charged with Dealing in a Schedule II Controlled Substance, a Class A felony; Possession of a Schedule II Controlled Substance in an Amount Greater than Three Grams Within 1,000 Feet of School Property, a Class A felony; Dealing in a Schedule IV Controlled Substance, a Class C felony; and Maintaining a Common Nuisance, a Class D felony. An initial hearing was held on December 19, 2001. When Defendant had not been brought to trial by December 26, 2002, he moved to dismiss the information, alleging a violation of Indiana Criminal Rule 4(C), which requires the State to bring a defendant to trial within one year of the defendant being arrested or the charges being filed, whichever occurs later.

Relevant to Defendant's claim are these two facts:

(1) Between February 14, 2002, and June 28, 2002, Defendant made five motions to continue, and on three occasions between July 22, 2002, and September 20, 2002, the court postponed, the proceedings.

(2) No trial date had ever been set as of the time Defendant made his motion to dismiss on December 26, 2002.

The trial court denied his motion. Defendant filed an interlocutory appeal with the Court of Appeals, which affirmed the trial court, attributing 105 days of delay to Defendant. *Cook v. State*, 799 N.E.2d 79, 83 (Ind.Ct.App.2003). Neither court found the fact that no trial date had been set to be controlling. However, Judge Sullivan dissented from the opinion of the Court of Appeals on the ground that a request for a continuance should be charged against a defendant only if a trial date has already been set when that request is made. *Id.* (Sullivan, J., dissenting). We now grant transfer and affirm.

### Discussion

The issue presented in this case is whether a defendant should be charged under Indiana Criminal Rule 4(C) with delays that result from actions of the defendant that occur before a trial date has been set. The rule states:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar. . . .

Ind.Crim. Rule 4(C). The rule places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for extensions of that time for various reasons.

*Ritchison v. State*, 708 N.E.2d 604, 606 (Ind.Ct.App.1999), *trans. denied,* 726 N.E.2d 300 (Ind.1999). For instance, "[i]f a delay is caused by the defendant's own motion or action, the one-year time limit is extended accordingly." *Frisbie v. State*, 687 N.E.2d 1215, 1217 (Ind.Ct.App.1997) (citation omitted), *trans. denied,* 698 N.E.2d 1190 (Ind.1998); *see also Andrews v. State*, 441 N.E.2d 194, 199 (Ind.1982).

There is disagreement as to whether a defendant causes a delay of the trial date when the defendant's actions result in a postponement of the proceedings before a trial date is set. In *State ex rel. O'Donnell v. Cass Superior Court*, where the defendant agreed to a continuance sought by the State, we held that the defendant's charges should be dismissed because he was not brought to trial within one year of being charged. 468 N.E.2d 209, 211 (Ind. 1984). In the opinion, we stated, "When a defendant has agreed to a continuance prior to the setting of any trial date, those days shall not be attributed to the defendant for the purposes of Ind.R.Cr.P. 4(C)." *Id.* Our rationale was apparently that until a trial date has been set, a defendant does not know whether the motion will delay the trial date. "A defendant in that situation can only assume that when a trial date is finally set it will conform to the limitations of the rule." *Id.* Justice DeBruler dissented, arguing, "When a party delays a task which must be completed before a trial can take place, that party can and often does delay the setting of the case for trial, and through that, the trial itself. That is the effect of a continuance of the cause by agreement of the parties." *Id.*

Subsequent cases purport to follow the *O'Donnell* majority. These decisions have

held that any delay, regardless of who requested it, cannot be charged to the defendant unless a trial date had already been set. *State v. Hurst*, 688 N.E.2d 402, 406–08 (Ind.1997); *Carr v. State*, 790 N.E.2d 599, 602–06 (Ind.Ct.App.2003); *Nance v. State*, 630 N.E.2d 218, 220–21 (Ind.Ct.App.1994); *Harrington v. State*, 588 N.E.2d 509, 511 (Ind.Ct.App.1992); *Miller v. State*, 570 N.E.2d 943, 945 (Ind. Ct.App.1991); *see also Solomon v. State*, 588 N.E.2d 1271, 1272 (Ind.Ct.App.1992) (holding that the delay between the time the court granted the parties' joint motion to continue the trial date and the time the court reset the trial date was not chargeable to defendant and treating it as an agreed-to continuance under *O'Donnell*).

Some cases have disagreed with or questioned this view. Judge Hoffman, concurring in result in *Miller*, noted that "[n]either Criminal Rule 4(C) nor Criminal Rule 4(F), allowing extension of the Rule 4 time periods, distinguishes between continuances requested or agreed to by the defendant before or after a trial date has been set." 570 N.E.2d at 946. He also stated that "the language in *O'Donnell* .... should be viewed as inadvertent or aberrational." *Id.* at 947. In *Frisbie*, the Court of Appeals rejected the defendant's argument that delays made by him could not be charged to him before the trial date had been set and stated that "[a] careful review of the language of [*O'Donnell* and *Morrison v. State*, 555 N.E.2d 458, 461 (Ind. 1990)] discloses that neither supports a conclusion that the defendant may *request* continuances without accountability." 687 N.E.2d at 1217.[1]

■ We agree with the line of cases that hold when a defendant takes action

---

1. In *Morrison*, 555 N.E.2d at 461, the defendant argued that he should not be charged with the delay caused by the granting of his filed motion to continue the omnibus date before the trial date had been set. Our Court

said that his position was correct under *O'Donnell* but because he had conceded that he should be charged with this delay earlier in the proceedings, this delay was properly

which delays the proceeding, that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not. The cases since *O'Donnell* have taken one sentence in the opinion and have stretched it to such a degree that it removes the accountability of defendants. We believe that *O'Donnell,* properly read, refers only to continuances that a defendant agrees to and not continuances that the defendant requests. *Miller* was one of the first cases[2] to hold that continuances that a defendant requests are not chargeable to a defendant unless a trial date has been set. 570 N.E.2d at 945 ("For Criminal Rule 4(C) purposes, a defendant is not charged with a continuance for which he moves or to which he agrees before a trial date is set."). And the overwhelming majority of cases following that statement of the law have focused on facts other than the request having been made before a trial date was set. *See Harrington,* 588 N.E.2d at 511 (holding that the delay could not be attributed to defendant even though he made the motion to continue because the reason for the motion was a conflict of the prosecutor's and stating as an additional reason the fact that the trial date had not been set when the motion to continue was made); *Nance,* 630 N.E.2d at 220 (relying incorrectly on *Solomon* in stating that continuances a defendant requests before a trial date is set are not attributable to defendant); *Hurst,* 688 N.E.2d at 407–08 (holding defendant was not chargeable with a 363-day delay between the time he

made a motion to dismiss and the time the court ruled on it, and stating that the defendant "had a reasonable expectation that the motion would be ruled on in due course and that, if it came to trial, he would be tried within the correct time limit"). Only one case, *Carr,* rested its holding solely on the fact that defendant's continuances were requested before a trial date had been set. 790 N.E.2d at 602–06.

The rule itself makes no distinction regarding when the trial date is set. It provides that the time a trial date is postponed is not charged to the State "where a continuance was had on [defendant's] motion, or the delay was caused by [defendant's] act." Crim. R. 4(C). And any action that postpones the proceeding of the case will likely cause a delay in the trial date. As Justice DeBruler stated in dissent in *O'Donnell,* "When a party delays a task which must be completed before a trial can take place, that party can and often does delay the setting of the case for trial, and through that, the trial itself." 468 N.E.2d at 211.

■ We therefore hold that delays caused by action taken by the defendant are chargeable to the defendant regardless of whether a trial date has been set. To the extent inconsistent with this holding, *Hurst,* 688 N.E.2d 402; and *Morrison,* 555 N.E.2d 458, are overruled; and *Carr,* 790 N.E.2d 599; *Nance,* 630 N.E.2d 218; *Solomon,* 588 N.E.2d 1271; *Harrington,* 588 N.E.2d 509; and *Miller,* 570 N.E.2d 943, are disapproved.[3]

attributable to him. *Id.* Because it seems to affirm *O'Donnell* on principle on the one hand but nevertheless charges the delay to the defendant on the other, the ultimate meaning of *Morrison* is ambiguous on this point.

**2.** The first case to hold this was *Everroad v. State,* 570 N.E.2d 38, 43–44 (Ind.Ct.App.1991) (finding a delay caused by defendants' motion to continue, which was made "prior to the setting of a trial date, [was] not chargeable to

the [defendants]"), *reversed on other grounds,* 590 N.E.2d 567 (Ind.1992). *Miller* was the second case.

**3.** As discussed in the text, we believe that *O'Donnell* stands only for the proposition that a defendant's agreement to a continuance sought by the State is not chargeable to the defendant and does not extend the time period of Crim. R. 4(C). That holding is not affected by this opinion.

Defendant made five motions to continue,[4] all of which are attributable to Defendant. Two of those continuances were because defense counsel had a scheduling conflict and defense counsel was out of the country. These are chargeable to the defendant, because the action of a defendant's counsel is considered the action of the defendant. *See Andrews*, 441 N.E.2d at 199; *Epps v. State*, 244 Ind. 515, 523–24, 192 N.E.2d 459, 463–64 (1963). The five motions brought by Defendant caused a total of 103 days delay, and so the one-year limit is extended by this number of days. Accordingly, Defendant's trial date must have been set for no later than March 22, 2003. The trial date was set for March 3, 2003, which was well within the time limit. Defendant's right under Criminal Rule 4(C) to be brought to trial within one year of being charged was not violated.

### Conclusion

We grant transfer and affirm the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.

---

4. Defendant made motions to continue the pre-trial conference date on five occasions: a Feb. 15, 2002, conference was continued to Apr. 5, 2002; the Apr. 5, 2002, conference was continued to Apr. 18, 2002; the Apr. 18, 2002, conference was continued to May 3, 2002; a June 26, 2002, conference was continued to July 11, 2002; and the July 11, 2002, conference was continued to July 22, 2002.