**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not
be regarded as precedent or cited
before any court except for the purpose
of establishing the defense of res
judicata, collateral estoppel, or the law
of the case.**



ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER L. ADERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 62A05-1305-CR-212 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable Lucy Goffinet, Judge
Cause No. 62C01-1109-CM-629

**December 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

In this interlocutory appeal, Christopher Aders appeals the trial court's denial of his motion for dismissal under Indiana Criminal Rule 4(C). We affirm.

## Issue

Aders raises one issue, which we restate as whether the trial court properly denied his motion for dismissal under Rule 4(C).

## Facts

On September 9, 2011, the State charged Aders with Class A misdemeanor invasion of privacy. Aders was released on his own recognizance, and an initial hearing was held on October 5, 2011. The trial court scheduled a pretrial conference for November 23, 2011. At the November pretrial conference, the trial court noted that Aders also had two probation violation cases that would be addressed with the new charge. The trial court assigned counsel to Aders and set another pretrial conference for December 21, 2011.

At the December 21st pretrial conference, Aders requested a continuance, and the pretrial conference was reset for February 15, 2012. Aders did not appear for the February 15th conference, and a warrant was issued for his arrest. Aders appeared at the courthouse later in the day, and the trial court recalled the warrant. The trial court also reset the pretrial conference for March 21, 2012.

On March 21st, Aders requested a continuance, and the trial court reset the pretrial conference for April 18, 2012. On April 18th, the trial court stated that the matters were set for a fact finding hearing. Aders requested a continuance because they had reached a

tentative plea agreement. The trial court reset the hearing for May 23, 2012. However, on May 23rd, the deputy prosecutor told the trial court that they had been unable to reach an agreement and asked that the matters be set for fact finding. The trial court set a fact finding hearing for August 10, 2012.

On August 10th, Aders failed to appear for the hearing, and the trial court issued a warrant for him. Aders was apparently arrested on August 31, 2012. On September 4, 2012, the trial court released Aders on his own recognizance and set the matters for hearing on September 27, 2012. On September 27th, the trial court reset the matters for December 10, 2012. On December 10, 2012, the trial court requested that the parties submit authority regarding an evidentiary issue and reset the matters for December 20, 2012. However, on December 20th, Aders's counsel had not submitted the authority. When questioned whether he was going to do so, Aders's counsel said he would need "a brief extension." Tr. p. 51. The trial court reset the hearing for March 14, 2013. On its own motion, the trial court later reset the hearing for April 29, 2013.

On March 8, 2013, Aders filed a motion to dismiss pursuant to Rule 4(C). Aders argued that, as of March 7, 2013, 544 days had passed since he was charged. Aders contended that only 139 of those days were chargeable to him: (1) December 21, 2011, to February 15, 2012; (2) April 18, 2012, to May 23, 2012; and (3) August 10, 2012, to September 27, 2012. According to Aders, 405 days were chargeable to the State, and he was entitled to dismissal of the invasion of privacy charge. The State responded that additional delays were attributable to Aders and that the Rule 4(C) deadline had not passed.

3

The trial court held a hearing on the matters on March 27, 2013, and denied Aders's motion. The trial court set the matters for bench trial on April 12, 2013. On March 28, 2013, Aders filed a motion objecting to the trial date. Aders argued that, according to the State's calculations, the time for bringing him to trial expired on March 20, 2013, and the April 12, 2013 trial date violated Rule 4(C). Aders again asked that the charge be dismissed. At the April 12th trial, Aders asked that his motion be addressed before the trial. The trial court denied the motion, and Aders asked that the order be certified for interlocutory appeal, which the trial court granted. We accepted jurisdiction of the interlocutory appeal pursuant to Indiana Appellate Rule 14(B). Aders now appeals.

## Analysis

Aders argues that the trial court erred by denying his motion for dismissal under Rule 4(C). We review a trial court's ruling on a Rule 4(C) motion for abuse of discretion. Curtis v. State, 948 N.E.2d 1143, 1149 (Ind. 2011).

Indiana Criminal Rule 4(C) provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so

4

finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

The State's duty to try the defendant within one year is an affirmative duty and the defendant is under no obligation to remind the State of its duty. Marshall v. State, 759 N.E.2d 665, 668 (Ind. Ct. App. 2001). However, when a trial date is set beyond the one-year limit provided under Rule 4(C), the defendant must file a timely objection to the trial date or waive his right to a speedy trial. Id. Moreover, "[i]f a delay is caused by the defendant's own motion or action, the one-year time limit is extended accordingly." Cook v. State, 810 N.E.2d 1064, 1066 (Ind. 2004).

When the State charged Aders on September 9, 2011, the Rule 4(C) period was triggered. See Isaacs v. State, 673 N.E.2d 757, 762 (Ind. 1996) (holding that the one-year period of Rule 4(C) commences with the date of arrest or filing of charges, whichever is later). The State does not dispute that the next 103 days, until December 21, 2011, count toward the 365-day Rule 4(C) period. However, on December 21, 2011, Aders requested a continuance. Aders did not appear at the next hearing, which was on February 15, 2012, and the hearing was continued again. At the next hearing on March 21, 2012, Aders requested another continuance, and the next hearing was set for May 23, 2012. The delay between December 21, 2011, and May 23, 2012, of 154 days was attributable to Aders due to his continuances and failure to appear.

The State does not dispute that the seventy-nine day period between May 23, 2012, and the August 10, 2012, trial date is chargeable against the rule period. However,

5

Aders failed to appear for the August 10th trial date, and the forty-eight day period between August 10, 2012, and the rescheduled hearing on September 27, 2012, was attributable to Aders.

Although the State does not dispute that the time period between September 27, 2012, and March 8, 2013, is chargeable to the rule period, we disagree with its calculation. We agree that the seventy-four-day time period between September 27, 2012, and December 10, 2012, is chargeable to the rule period. However, we note that, on December 10, 2012, at a hearing, Aders orally requested a "brief extension," and the trial court rescheduled the hearing for March 14, 2013. Tr. p. 51. Aders did not object to the March 14, 2013 hearing date.

Before that hearing occurred, Aders filed a motion for dismissal on March 8, 2013. The eighty-eight-day period between December 10, 2012, and March 8, 2013, is attributable to Aders. When Aders filed his motion to dismiss on March 8, 2013, only 256 days (103 days + 79 days + 74 days) had passed that were chargeable to the 365-day rule period. Consequently, Aders's motion was premature, and the trial court properly denied his motion to dismiss.

Aders then filed a motion objecting to the April 12, 2013 trial date and requesting that the invasion of privacy charge be dismissed. Thirty-five days passed between the March 8, 2013 motion to dismiss and the April 12, 2013 trial date. Even if all of those

days are chargeable to the rule period, only 291 days had passed. Aders's motion was still premature, and the trial court properly denied the second motion.[1]

## Conclusion

The trial court properly denied Aders's motion to dismiss pursuant to Indiana Criminal Rule 4(C). We affirm.

Affirmed.

ROBB, C.J., and BROWN, J., concur.

---

[1] Aders also argues that the State is bound by the arguments it made to the trial court. However, we may affirm the trial court's ruling if it is sustainable on any legal basis in the record. Williams v. State, 819 N.E.2d 381, 384 (Ind. Ct. App. 2004), trans. denied. We conclude that neither the State nor the defendant's arguments are correct regarding the Rule 4(C) calculation.