## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

Feb 02 2018, 6:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Jennifer L. Koethe
LaPorte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas R. Ganus, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 2, 2018 <br><br> Court of Appeals Case No. <br> 46A03-1707-CR-1559 <br><br> Appeal from the LaPorte Circuit Court <br><br> The Honorable Thomas J. Alevizos, Judge <br><br> Trial Court Cause No. <br> 46C01-1409-F5-193 |

**Baker, Judge.**

Thomas Ganus appeals his conviction for Level 5 Felony Operating a Motor Vehicle After Driving Privileges Were Forfeited For Life.[1] Ganus argues that his right to a speedy trial was violated. Finding no violation, we affirm.

## Facts

On September 14, 2014, Ganus was arrested following a traffic stop when the officer discovered that Ganus was an habitual traffic violator with no driving privileges. Ganus posted a cash bond the same day. On September 17, 2014, the State charged Ganus with Level 5 felony operating a motor vehicle after driving privileges were forfeited for life. Over a series of five attorney appearance hearings, Ganus continued to appear without an attorney. The trial court granted Ganus one final continuance until May 8, 2015; on that date, Ganus failed to appear and a bench warrant was issued.

Ganus was located on September 10, 2015, in the St. Joseph County Jail. He was served with the bench warrant and transported to the LaPorte County Jail the same day; the next day, the trial court reset the attorney appearance hearing for October 2, 2015.[2] On that date, an attorney appeared on behalf of Ganus and proceeded, over the ensuing months, to request multiple continuances because Ganus remained incarcerated in St. Joseph County.

---

[1] Ind. Code § 9-30-10-17(a).

[2] At some point, Ganus was returned to the St. Joseph County Jail.

[4]     On July 1, 2016, Ganus and his attorney appeared for a change of plea hearing and requested a jury trial. The trial court granted the request and set the jury trial for May 1, 2017; Ganus agreed to that trial date. In September 2016, Ganus filed a motion to proceed pro se; following a hearing, the trial court granted the motion. On November 2, 2016, Ganus filed a motion to dismiss the charges pursuant to Indiana Criminal Rule 4. The trial court denied the motion.

[5]     On March 2, 2017, Ganus filed another motion; in that motion, he argued that his right to a speedy trial had been violated and requested that the charges be dismissed. The trial court appointed Ganus a public defender on March 24, 2017, and on March 31, 2017, the trial court denied Ganus's motion, finding that most of the delays in the case were attributable to Ganus.

[6]     Following Ganus's May 1, 2017, jury trial, the jury found him guilty as charged. On June 9, 2017, the trial court sentenced him to four and one-half years imprisonment. Ganus now appeals.

# Discussion and Decision

[7]     Ganus argues that the trial court erroneously found that his right to a speedy trial had not been violated. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *E.g.*, *Clark v. State*, 659 N.E.2d 548, 551 (Ind. 1995). Indiana Criminal Rule 4 helps to implement this right. In relevant part, the rule provides as follows:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar . . . .

Ind. Crim. Rule 4(C). This rule places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for extensions of that timeframe for various reasons, such as if a delay is caused by the defendant's own motion or action. *Cook v. State*, 810 N.E.2d 1064, 1065-66 (Ind. 2004).

[8] We apply a two-tiered standard of review to a trial court's ruling under Criminal Rule 4. *Austin v. State*, 997 N.E.2d 1027, 1039-40 (Ind. 2013). We apply a de novo standard of review to any questions of law but we defer to the trial court's findings of fact. *Id.* In considering factual findings, we will not reweigh evidence and will consider only the evidence and reasonable inferences supporting those findings. *Id.* We will reverse only upon clear error, which is error that leaves this Court with a definite and firm conviction that a mistake has been made. *Id.*

[9] To determine whether Ganus's right to a speedy trial was violated, we must examine the timeline of events:

- The State charged Ganus with the offense on September 17, 2014. At the initial hearing, Ganus entered a plea of not guilty and the trial court set a

status of counsel hearing for November 7, 2014. The period of time between September 17 and November 7—51 days—is not chargeable to Ganus.[3]

- On November 7 and December 5, 2014, and on January 23, February 27, and April 10, 2015, Ganus repeatedly appeared without an attorney so the trial court had to continue the matter. On April 10, 2015, the trial court granted Ganus a final continuance to May 8, 2015, to appear with an attorney. The period of time between November 7, 2014, and May 8, 2015—182 days—is chargeable to Ganus.[4]

- On May 8, 2015, Ganus failed to appear at the hearing and the trial court issued a bench warrant. He was not located until September 10, 2015. The period of time between May 8 and September 10, 2015—125 days— is chargeable to Ganus.

- On September 11, 2015, the trial court again reset the attorney appearance hearing for October 2, 2015. On October 2, an attorney appeared on behalf of Ganus and requested a continuance because Ganus was incarcerated in another county. On November 6, 2015, January 8, 2016, and February 19, 2016, Ganus's attorney requested further continuances because of Ganus's incarceration. The trial court granted Ganus a final continuance and set the matter for a status hearing on April 8, 2016. The trial court required Ganus to be present at the April 8 hearing. The period of time between September 10, 2015 and April 8, 2016—211 days—is chargeable to Ganus.

- On April 8, 2016, Ganus was present only by counsel, so the trial court reset the hearing for June 3, 2016. On June 3, 2016, Ganus and counsel

---

[3] Ganus did not include a transcript of this hearing (or any of the relevant hearings) as he is required to do on appeal. As a result, we cannot confirm whether he requested a continuance at the initial hearing to retain counsel. Had he made that request, this period of time would be chargeable to him. But we will give him the benefit of the doubt and find that it is not chargeable to him—the ultimate result herein is not affected.

[4] Ganus argues that the record does not explicitly indicate that he requested these continuances. But it is apparent that the only reason the matter was repeatedly continued was because he kept appearing at court without an attorney (and declining to request the services of a public defender). Therefore, we have little difficulty concluding that these delays are chargeable to him.

appeared and requested a continuance; the trial court rescheduled the hearing for July 1, 2016. The period of time between April 8 and July 1, 2016—84 days—is chargeable to Ganus.

- On July 1, 2016, Ganus appeared and requested a jury trial. The trial court scheduled the trial for May 1, 2017, and Ganus agreed to that date. The period of time between July 1, 2016, and May 1, 2017—304 days—is not chargeable to Ganus.

In sum, a total of 957 days elapsed between the date on which Ganus was charged and the date on which his jury trial took place. Of that time, 602 days is chargeable to Ganus. The remaining 355 days fall within the 365-day limit set forth by Criminal Rule 4(C). Therefore, the trial court did not err by finding that Ganus's right to a speedy trial was not violated.

[10] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.