## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 01 2018, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender's Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elliot Edward Shelton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 1, 2018

Court of Appeals Case No.
10A05-1709-CR-2084

Appeal from the Clark Circuit Court

The Honorable Bradley B. Jacobs, Judge

Trial Court Cause Nos.
10C02-1502-F6-154
10C02-1505-F4-037

**Vaidik, Chief Judge.**

# Case Summary

Elliot Edward Shelton brings this interlocutory appeal challenging the trial court's denial of his motion for discharge under Criminal Rule 4(C). Finding no error, we affirm.

# Facts and Procedural History

In February 2015, the State charged Shelton with multiple drug-related offenses, and a warrant was issued for his arrest under cause number 10C02-1502-F6-154 ("Case 154"). He still had not been arrested when, on May 16, 2015, he was pulled over while driving. He was arrested on the outstanding warrant in Case 154. Then on May 21, the State filed additional gun- and drug-related charges against Shelton stemming from the traffic stop under cause number 10C02-1505-F4-37 ("Case 37").[1] Shelton was later released on bond.

Both cases were initially set for trial on October 20, 2015, but were moved to January 5, 2016, at Shelton's request. In December 2015, the State failed to appear at a pretrial conference, so the trial court canceled the January 5 trials. The court reset the pretrial conference for January 20, 2016. Beginning on January 20, Shelton sought and was granted a series of continuances that delayed the case for eight months to September 22. Each entry that granted

---

[1] In its brief, the State incorrectly says that Shelton was arrested and charged on March 16 and March 21, respectively. Appellee's Br. p. 12. The State then uses these dates to calculate the Rule 4(C) timeline, resulting in an incorrect calculation of the one-year periods.

Shelton a continuance stated that the delay was charged to the defendant, and Shelton or his attorney personally signed each form. Appellant's App. Vol. II pp. 164, 171-73. On September 22, Shelton failed to appear at a pretrial conference, and a warrant was issued for his arrest. Shelton was arrested five months later in February 2017. A pretrial conference was held on February 27, and the court then set Shelton's trials for July 18, 2017, without objection.[2]

[4] On May 26, 2017, Shelton was appointed a new attorney, who immediately objected to the trial date in Case 154. Four days later, Shelton's attorney moved for discharge under Rule 4(C) in Case 37. With some exceptions, Rule 4(C) guarantees a defendant the right to stand trial within one year of arrest or the date charges are filed, whichever is later. A hearing on the motion was held on July 5, and Shelton's attorney asked the court to "incorporate[] the same type of arguments" for his objection in Case 154. Tr. Vol. II p. 5. Shelton's attorney argued that the State was beyond the one-year deadline set by Rule 4(C) but that he had not been able to object or move for discharge because the State had failed to request and the court did not set trial dates after the January 2016 trials were canceled. The trial court calculated the one-year periods and concluded that they had ended on July 4.[3] The court, however, stated that due

---

[2] Case 37 was originally reset for trial on June 6, 2017, but on June 2 it was moved to July 18 due to court congestion. Appellant's App. Vol. II pp. 119-20. Case 154 was originally reset for trial on July 11, 2017, but on July 6 it was moved to October 31 due to court congestion. *Id.* at 9-10.

[3] The trial court incorrectly calculated the Rule 4(C) deadline. The court began the one-year period for both cases on May 27, 2015, when the initial hearing in each case was held. The period started on May 16, 2015 (the date of arrest) in Case 154 and on May 21, 2015 (the date charges were filed) in Case 37. *See* Ind. Crim. Rule 4(C) ("No person shall be held on recognizance or otherwise to answer a criminal charge for a period in

to court congestion it would not have been possible to try Shelton before July 18. *Id.* at 19-20. The court then certified its order for interlocutory appeal.

[5] This interlocutory appeal now ensues.

# Discussion and Decision

[6] Shelton argues that he should not be charged with the eight-month delay from January 2016 to September 2016. He also contends that he was unable to raise an objection or move for discharge under Rule 4(C) during these eight months.

[7] Rule 4(C) provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be

---

aggregate embracing more than one year from **the date the criminal charge against such defendant is filed**, or from **the date of his arrest on such charge**, whichever is later[.]") (emphases added). The court also erred when it counted Shelton's request for a continuance of the October 20, 2015 trials against the State. *See* Tr. Vol. II p. 19; Appellant's App. Vol. II pp. 41, 155. All other calculations by the court were correct, and we thank the court for its detailed explanation of its calculations, which aided in our review.

> reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

"The State's duty to try the defendant within one year is affirmative, and the defendant is under no obligation to remind the State of its duty." *State v. Delph*, 875 N.E.2d 416, 420 (Ind. Ct. App. 2007), *trans. denied*. But the one-year period may be extended for various reasons, including "if a delay is caused by the defendant's own motion or action[.]" *Cook v. State*, 810 N.E.2d 1064, 1066 (Ind. 2014).

[8] Shelton contends that the delay from January 2016 to September 2016 should be charged to the State because he was negotiating a plea agreement with the State during this time. He acknowledges that he requested each continuance that resulted in the eight-month delay, Appellant's Br. p. 10, but argues that his situation is similar to the defendant in *State v. Smith*, 495 N.E.2d 539 (Ind. Ct. App. 1986), *reh'g denied*. In *Smith*, the State argued that the one-year period was tolled because it was engaged in plea negotiations with Smith. The trial court discharged Smith. We upheld the order because Smith did not abandon his right to be tried within one year because he engaged in plea negotiations and because Smith did not request a continuance and his actions did not delay the State in bringing him to trial within the one-year period. Here, Shelton is correct that engaging in plea negotiations does not relieve the State of its duty to bring him to trial within one year. However, unlike *Smith*, it is undisputed that

Shelton requested each continuance that resulted in the eight-month delay, thereby extending the time the State had to bring him to trial.

[9] Nevertheless, Shelton contends that the eight-month delay cannot be charged to him because it did not cause a delay in **the trials** since no trial dates were ever set during this time. This argument ignores the fact that, when the continuances were granted, Shelton personally signed the entry form which attributed the delay to him. His argument also runs afoul of our Supreme Court's holding in *Cook*: "[W]hen a defendant takes action which delays the proceeding, that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not." 810 N.E.2d at 1066-67. Accordingly, the eight-month delay from January 2016 to September 2016 is charged to Shelton, not the State. Shelton was not entitled to discharge under Rule 4(C).

[10] To assist the court with scheduling each case for trial, we calculate the time remaining under Rule 4(C). In Case 154, the period began on May 16, 2015, and ran until October 20, 2015—158 days. The period resumed on January 6, 2016, and ran until January 20, 2016—15 days. The period did not start again until February 27, 2017, and ended on July 11, 2017—135 days. In total, 308 days have elapsed in Case 154, leaving the State with 57 days in the one-year period. As for Case 37, the State's time began on May 21, 2015, and ran until October 20, 2015—153 days. The period ran again from January 6, 2016, to January 20, 2016—15 days. The period resumed on February 27, 2017, and stopped on June 6, 2017—100 days. In total, 268 days have elapsed in Case 37,

leaving the State with 97 days in the one-year period.  All other time periods in both cases are charged either to Shelton or the court.

[11]     Affirmed.

Barnes, J., and Pyle, J., concur.