

**FILED**

Dec 20 2023, 9:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Daylon L. Welliver
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Dallas Dale Hoback,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 20, 2023

Court of Appeals Case No.
23A-CR-411

Appeal from the Clark Circuit
Court

The Honorable Bradley B. Jacobs,
Judge

Trial Court Cause No.
10C02-1803-F6-540

**Opinion by Judge Bailey**
Judge May concurs.
Judge Felix dissents with separate opinion.

**Bailey, Judge.**

# Case Summary

[1] Dallas Dale Hoback appeals his convictions and sentence, following a jury trial. He raises several issues on appeal, but we address only the dispositive issue of whether the trial court erred when it denied his Criminal Rule 4(C) motion for discharge.

[2] We reverse.

# Facts and Procedural History

[3] On March 29, 2018, the State charged Hoback with Level 6 felony possession of methamphetamine,[1] Level 6 felony possession of a narcotic drug,[2] and Class C misdemeanor possession of paraphernalia.[3] The police arrested Hoback for those charges on April 19, 2018.

[4] At a status conference on January 2, 2019, Hoback informed the court that plea negotiations were occurring and that he thought the case would get resolved, but he also asked for a trial date. On January 23, 2019, the trial court scheduled a jury trial for April 16, 2019. At a pretrial conference on January 24, 2019, a plea offer was tendered. At a status conference on March 20, 2019, additional dates were requested and the minute entry sheet, containing the signature of

---

[1] Ind. Code § 35-48-4-6.1.

[2] I.C. § 35-48-4-6.

[3] I.C. § 35-48-4-8.3.

Hoback's counsel, noted a new status conference date of June 5, 2019. On April 10, 2019, the CCS noted both the new status conference date and that the jury trial date of April 16 was cancelled. The record does not disclose on whose motion the trial date was cancelled or the reason therefor. *See* App. v. II at 7 (stating, "Reason: Other").

[5]     The case was subsequently continued multiple times due to the non-appearance of defense counsel and Hoback's requests for new dates. A plea agreement was filed on December 20, 2019. The plea hearing was continued multiple times at Hoback's request until he ultimately withdrew from the plea on October 1, 2020. After a series of events including defense continuances, the entry of another plea agreement and another withdrawal of the plea, court congestion findings, and public health emergency orders, on April 13, 2022, the trial court set the jury trial for July 12, 2022.

[6]     The State subsequently filed two motions for continuance—one on July 5, 2022, and the other on July 21, 2022—both due to the unavailability of an "essential witness for the State." App. v. II at 155, 167. The trial court granted each motion and reset the jury trial for August 2, 2022, and August 23, 2022, respectively. Hoback did not object to either of the State's motions for continuance, the trial court's decisions to grant them, or the dates on which the trials were reset. On August 15, 2022, Hoback filed a motion for discharge, which the trial court denied following an August 16 final motions hearing.

[7] Following the trial, the jury found Hoback guilty as charged. The trial court subsequently sentenced Hoback to "692 days fixed term of imprisonment" on count 1, "692 days fixed term of imprisonment" on count 2, and "60 days fixed term of imprisonment" on count 3. *Id.* The written order stated, "Counts to run concurrently[,"] and "JTC[4] 2/14/2022 – 1/26/2023 346 actual days." Appealed Order. Hoback now appeals his convictions and sentence.

## Discussion and Decision

[8] Hoback appeals the trial court's denial of his Indiana Criminal Rule 4(C) motion for discharge for failure to give him a timely trial—sometimes referred to as a "speedy trial" claim. In reviewing speedy trial rule claims, we review questions of law de novo and factual findings under the clearly erroneous standard. *State v. Harper*, 135 N.E.3d 962, 972 (Ind. Ct. App. 2019), *trans. denied*.

## Waiver

[9] As an initial matter, we must address the State's assertion that Hoback waived his Rule 4(C) claim by failing to adequately brief the issue. "When a defendant files a motion to discharge, it is the defendant's burden to demonstrate that the one-year time frame has been exceeded and that he is not responsible for the delay." *Ratliff v. State*, 132 N.E.3d 41, 43 (Ind. Ct. App. 2019) (quotations and

---

[4] The court did not define the acronym "JTC," but, from context, it appears to stand for "jail time credit."

citation omitted), *trans. denied*. Moreover, Indiana Appellate Rule 46(A)(6)(a) requires that the statement of facts in an Appellant's brief must "describe the facts relevant to the issues presented for review" and must "be supported by page references to the Record on Appeal or Appendix." When a party refers to facts without citation to the record in support, "we need not consider those facts." *Reed v. City of Evansville*, 956 N.E.2d 684, 688 n.1 (Ind. Ct. App. 2011), *trans. denied*.

[10] Similarly, Appellate Rule 46(A)(8)(a) requires that "[e]ach contention [of the argument] must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal." When an appellant provides no citation to legal authority supporting his contentions, those contentions are waived. *E.g.*, *Shields v. Town of Perrysville*, 136 N.E.3d 309, 312 n.2 (Ind. Ct. App. 2019). Thus, under our Appellate Rules, "[i]t is not sufficient for the argument section that an appellant simply recites facts and makes conclusory statements without analysis or authoritative support." *Kishpaugh v. Odegard*, 17 N.E.3d 363, 373 n.3 (Ind. Ct. App. 2014). This rule "prevents the court from becoming an advocate when it is forced to search the entire record for evidence in support of [a party's] broad statements." *Lane Alan Schrader Trust v. Gilbert*, 974 N.E.2d 516, 521 (Ind. Ct. App. 2012) (citing *Keller v. State*, 549 N.E.2d 372, 373 (Ind. 1990)).

[11] Here, the one-year time limit per Rule 4(C) began to run on April 19, 2018, the date Hoback was arrested. Thus, it was Hoback's burden to show that he was not brought to trial within the following year and that any delay was not caused

by him, congestion of the court's calendar, or an emergency. *See, e.g.*, *Ratliff*, 132 N.E.3d at 43. Hoback fails to point to any facts or evidence regarding the relevant one-year time period—i.e., from April 19, 2018, to April 19, 2019.[5] He does not discuss any delays that took place during that time period and to whom such delays are attributable. Therefore, we could find Hoback's discharge argument waived under Appellate Rule 46(A), as the State urges us to do.

[12] However, it is well-established that we prefer to address claims on the merits where possible, "instead of on procedural grounds like waiver." *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) (choosing to address the merits of the appellant's claims despite Appellate Rule 46 inadequacies in briefing). "Thus, unless we find a party's non-compliance with … [Appellate Rule 46] sufficiently substantial to impede our consideration of the issue raised, we will address the merits of his claim." *Id.* (quotations and citations omitted). This is especially true for claims that have a constitutional dimension, as the speedy trial rule does. *See Peele v. State*, 136 N.E.3d 1155, 1158 (Ind. Ct. App. 2019) (citing U.S. Const. amend. VI; Ind. Const. art. 1, § 12). Here, we are able to, and chose to, address the merits of Hoback's Rule 4(C) claim despite the inadequacies of his briefs.

---

[5] We note that both parties discuss at length delays that occurred after the April 19, 2019, time limit. However, that is not the relevant time-period. To determine whether the one-year deadline for a trial was extended, we must look to any delays that occurred during the one-year period (as extended, if applicable) and to whom those delays are attributable. *See* Crim. R. 4(C), (F).

## Discharge under Criminal Rule 4(C)

[13] "The right of an accused to a speedy trial is guaranteed by the United States and Indiana Constitutions. U.S. Const. amend. VI; Ind. Const. art. 1, § 12." *Peele*, 136 N.E.3d at 1158. Indiana Criminal Rule 4 implements those rights, and subsection (C) generally requires that a criminal defendant be brought to trial within one year from the date the criminal charges were filed or the date he was arrested, whichever is later. *Id.*; Ind. Crim. Rule 4(C). Thus, Criminal Rule 4 "places an affirmative duty on the State to bring a defendant to trial within one year." *Gibson v. State*, 910 N.E.2d 263, 266 (Ind. Ct. App. 2009).

[14] Furthermore, a "defendant has no obligation to remind the trial court of the State's duty, nor is he required to take any affirmative action to see that he is brought to trial within the statutory time period." *State v. Black*, 947 N.E.2d 503, 507 (Ind. Ct. App. 2011). The defendant may waive his "right to be brought to trial within one year by failing to raise a timely objection if the trial court, acting during the one-year period, schedules the trial beyond the limit." *Wood v. State*, 999 N.E.2d 1054, 1061 (Ind. Ct. App. 2013), *trans. denied*. However, the defendant "has no duty to object to the setting of a belated trial date if the setting occurs after the year has expired[,]" *id.*, because under those circumstances "the court cannot reset the trial within the time allotted by Criminal Rule 4(C)[,]" *Young v. State*, 765 N.E.2d 673, 679 (Ind. Ct. App. 2002). "In such an instance, the defendant may simply move for discharge after the expiration of the time limitation of Criminal Rule 4 without making an objection to the scheduled trial date." *Id.*

[15] However, when a continuance is had on the defendant's motion or delay is caused by the defendant's acts, congestion of the court, or an emergency, the time limitation is extended by the amount of time resulting from such delay(s). Crim. R. 4(C), (F). But we "may not attribute any delays in proceeding to trial to the defendant where the record is void regarding the reason for the delay." *Young*, 765 N.E.2d at 678 (citing *Morrison v. State*, 555 N.E.2d 458, 461 (Ind. 1990) (*overruled on other grounds by Cook v. State*, 810 N.E.2d 1064, 1066 (Ind. 2004)). When "docket entries are absent or missing regarding the reason for a delay, the delay is not chargeable to the defendant." *Id*. As a panel of this Court noted in *Staples v. State*:

> A trial court speaks through its docket which makes it necessary for the trial court to make a docket entry as to why a defendant's trial cannot be conducted on the date set…. Furthermore, if the trial court neglected to make a docket entry as to why the defendant could not be tried on the date set, then the State should have requested the trial court to make a docket entry. However the defendant should not be charged with this period of delay because the trial court failed to make a docket entry. A defendant only has a duty to object if the trial court sets a trial date outside of the one-year period.

553 N.E.2d 141, 143 (Ind. Ct. App. 1990) (citations omitted), *trans. denied*.

[16] Here, it is clear from the record that Hoback was not brought to trial before the expiration of the one-year time limit, i.e., April 19, 2019. However, the trial court's record regarding *why* the trial did not occur within the one-year time period is woefully inadequate. On March 20, 2019, a minute entry signed by

both Hoback and the State reads: "New dates St: 6-5-19[.]" App. v. II at 57. The corresponding chronological case summary ("CCS") entry states: "Status Conference held. Additional dates requested." *Id*. at 7. This entry does not tell us which party requested the new dates or why the requests for new dates were made and/or granted. In an entry dated April 10, 2019, the CCS states: "Jury Trial scheduled for 4/16/2019 at 9:00 a.m. was cancelled. Reason: Other.[,]" and it notes, "Status Conference scheduled for 06/05/2019 at 9:00 a.m." *Id*. "Other" is an inadequate description to explain why a jury trial is cancelled, as it does not tell us whether Hoback or the State requested that the trial be continued or whether the trial court continued the trial sua sponte.

[17] We also note that this entry cancelling the jury trial did not reset Hoback's trial date and thereby trigger his obligation to object on Rule 4(C) grounds if the new date was beyond the time limit. Although the trial court did, on that date, set a status hearing for a date beyond the time limit, neither Rule 4(C) nor relevant case law indicates that there is a requirement to object to the untimely setting of anything other than a trial; thus, Hoback did not waive his discharge claim by failing to object to the order setting a status conference outside the one-year time period.

[18] Given the deficient trial court record and the State's failure to request that the trial court make adequate docket entries, we cannot attribute any of the delays

during the relevant one-year time period to Hoback.[6] *See Young*, 765 N.E.2d at 678; *Staples*, 553 N.E.2d at 143. That is, there is no evidence that the one-year time limit imposed by Criminal Rule 4(C) was extended by Hoback's requests or other actions, yet the State failed to bring Hoback to trial within that one year period. Therefore, the trial court erred when it denied Hoback's Rule 4(C) motion for discharge.[7]

[19] Reversed.

[20] May, J., concurs

Felix, J., dissents with separate opinion.

---

[6] The dissent infers Hoback acquiesced to a delay in his trial during the Rule 4(C) period by agreeing to a status conference outside the period, with the necessary implication being that the trial would also have to occur outside the Rule 4(C) period. The dissent asserts its position is required by our Indiana Supreme Court's reasoning in *Cook v. State*, 810 N.E.2d 1064 (Ind. 2004). In *Cook*, our Supreme Court decreed that delays caused by the defendant can extend the Rule 4(C) deadline for bringing a defendant to trial even if the trial court has not set a trial date. *Id*. at 1065. The Court held that delays caused by the unavailability of the defendant's counsel extended the Rule 4(C) period for bringing the defendant to trial. *Id*. at 1068.

However, *Cook* did not overrule our holding in *Staples* that it is the responsibility of the trial court and the State to ensure that the chronological case summary conveys why a defendant's trial cannot be held on the date set and that the defendant should not be charged with the delay when the trial court failed to make a docket entry. 553 N.E.2d at 143. In *Cook*, the Court reasserted that its holding did not affect "the proposition that a defendant's agreement to a continuance sought by the State is not chargeable to the defendant and does not extend the time period of Crim. R. 4(C)." 810 N.E.2d at 1067 n.3. Due to the inadequacy of the trial court's record, we cannot confidently say Hoback caused the cancellation of the first trial date.

[7] Given our holding reversing on the issue of discharge, we do not address the other issues Hoback raises on appeal.

**Felix, Judge, dissenting.**

I respectfully dissent for two reasons. Primarily, I believe Hoback acquiesced in, if not requested, the delay that causes my colleagues to find a violation of Indiana Criminal Rule 4(C) ("C.R. 4(C)"). Before I get to the merits of Hoback's C.R. 4(C) claim, however, I also disagree with my colleagues regarding whether Hoback waived this issue for appeal. Hoback's failure to comply with Indiana Appellate Rule 46 substantially impedes review of his C.R. 4(C) claim.

### 1. Waiver: Hoback's failure to cite to the record and failure to proffer a cogent argument substantially impedes appellate review.

The majority chooses to address the merits of this issue despite the recognized inadequacies of Hoback's briefs. I first observe that the majority strongly implies that it is choosing to address the merits of Hoback's C.R. 4(C) claim because the majority believes that claim has "a constitutional dimension." *Ante*, at ¶ 12. The Indiana Supreme Court has clearly and repeatedly stated that C.R. 4 "does not cover every aspect of its broader constitutional counterparts," *id.* (citing *Cundiff v. State*, 967 N.E.2d 1026, 1027 n.2 (Ind. 2012)), so "our review of a Rule 4 challenge is separate from a claimed constitutional violation," *id.* (citing *S.L.*, 16 N.E.3d at 958); *see also Austin v. State*, 997 N.E.2d 1027 n.7 (Ind. 2013) (citing *Cundiff v. State*, 967 N.E.2d 1026, 1027 n.2 (Ind. 2012)). Hoback challenges the trial court's denial of his motion for discharge

under only C.R. 4(C); he does not challenge it under either the United States Constitution or the Indiana Constitution nor does he analyze his speedy trial claim under the relevant provisions of those constitutions. Consequently, I do not believe Hoback's C.R. 4(C) claim is grounded in a dimension of either the Indiana or the United States Constitutions. It is purely a claimed rule violation worthy of no exceptions to a waiver analysis.

[23] The Indiana Supreme Court has made clear that if a party fails to make or develop an argument on appeal, that argument is waived. *Isom v. State*, 170 N.E.3d 623, 634, 637–39, 641, 642, 645, 646, 648, 649, 651, 653, 656 (Ind. 2021) (holding approximately 21 of defendant's arguments waived for failure to provide cogent argument in violation of Appellate Rule 46(A)(8)(a)); *Owen v. State*, 210 N.E.3d 256, 264 (Ind. 2023). This includes any claim that the appellant fails to raise in the opening brief. *Davidson v. State*, 211 N.E.3d 914, 925 (Ind. 2023) (citing *Monroe Guar. Ins. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005)). Accordingly, if a party's failure to comply with the Appellate Rules is "sufficiently substantial to impede our consideration of the issue raised," we will not address the merits of that issue. *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) (quoting *Guardiola v. State*, 375 N.E.2d 1105, 1105 (Ind. 1978)).

[24] "When a defendant files a motion to discharge, it is the defendant's burden to demonstrate that the one-year time frame has been exceeded and that he is not responsible for the delay." *Ratliff v. State*, 132 N.E.3d 41, 43 (Ind. Ct. App. 2019) (citing   Here, Hoback's C.R. 4(C) one-year period began on April 19,

2018—the date of his arrest—and concluded, absent any delays, on April 19, 2019. *See ante*, at ¶ 11. To determine whether Hoback's original one-year period was extended, we must look to any delays that occurred during this period and determine to whom those delays are attributable. *Id.* at ¶ 11 n.5 (citing Crim. R. 4(C), (F)).

[25] We know that Hoback was not brought to trial until August 23, 2022. However, Hoback failed to include any facts in his Statement of the Facts regarding any delays that occurred before April 19, 2019. This is a violation of Appellate Rule 46(A)(6)[8]. In his opening brief's Argument section, Hoback notes only that his April 16, 2019, trial was cancelled on April 10, 2019. Without more, this is a violation of Appellate Rule 46(A)(8)(b)[9]. Consequently, Hoback also failed to provide cogent argument in his opening brief regarding why the delay resulting from the cancellation of his April 16 trial date was not attributable to him,[10] which is a violation of Appellate Rule 46(A)(8)(a)[11].

---

[8] The Statement of Facts "shall describe the facts relevant to the issues presented for review." App. R. 46(A)(6).

[9] "[T]he argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court." App. R. 46(A)(6)(a).

[10] Hoback's incorrect application in his opening brief of C.R. 4(C)—namely that his C.R. 4(C) one-year period began on the date he was charged instead of the date he was arrested—likely led to him not providing cogent argument concerning the delay after his April 16 trial was cancelled. Nevertheless, it is not the job of this court to rectify Hoback's errors, especially when he had the opportunity do so in his reply brief and still chose not to.

[11] "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22." App. R. 46(A)(8)(a).

In addition to Hoback's multiple failures to comply with Appellate Rule 46 in his opening brief, Hoback also failed to provide cogent argument on multiple issues in his reply brief, including whether the delay until June 5, 2019, was attributable to the State. Hoback's significant noncompliance with Appellate Rule 46, especially Appellate Rule 46(A)(8)(a), substantially impedes a review of his C.R. 4(C) claim. I would therefore hold that Hoback waived his C.R. 4(C) claim on appeal and refuse to address the merits of that claim.

### 2. Merits: Hoback extended his C.R. 4(C) one-year period by acquiescing in or requesting the cancellation of his trial date and the setting of a status conference outside the initial one-year period.

As stated previously, my dissent grows from my belief that there is no C.R. 4 violation. Criminal Rule 4(C) states in relevant part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar . . . .

If during the C.R. 4(C) one-year period the trial court sets the defendant's trial date outside that period, the defendant must "offer a timely objection" to those trial dates; if the defendant fails to make such an objection under these circumstances, then he has waived his rights under C.R. 4(C). *Battering v. State*, 150 N.E.3d 597, 601 (Ind. 2020) (quoting *Pelley v. State*, 901 N.E.2d 494, 498

(Ind. 2009), *declined to follow on other grounds by Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013)). As noted by the rule, a defendant can extend the C.R. 4(C) one-year period "by seeking or acquiescing in delay resulting in a later trial date." *Id.* (quoting *Pelley*, 901 N.E.2d at 499).

[29] When a defendant delays a task which must be completed before trial—such as a status conference—the defendant can and often does delay the setting of the case for trial and thereby the trial itself. *Cook v. State*, 810 N.E.2d 1064, 1068 (Ind. 2004) (quoting *State ex rel. O'Donnell v. Cass Superior Court*, 468 N.E.2d 209, 211 (Ind. 1984) (DeBruler, J., dissenting)). Recognizing this reality, the Indiana Supreme Court has repeatedly held that "delays caused by action taken by the defendant are chargeable to the defendant *regardless of whether a trial date has been set*." *State v. Larkin*, 100 N.E.3d 700, 705 (Ind. 2018) (emphasis added) (quoting *Cook*, 810 N.E.2d at 1067).

[30] When Hoback's counsel signed the minute entry sheet setting another status conference beyond the one-year C.R. 4 period, Hoback not only acquiesced but also, arguably, agreed to a delay in his trial. *See Cook*, 810 N.E.2d at 1068 (citing *Andrews v. State*, 441 N.E.2d 194, 199 (Ind. 1982); *Epps v. State*, 192 N.E.2d 459, 463–64 (Ind. 1963)) (holding that the actions of defendant's counsel are attributable to defendant for purposes of C.R. 4). A defendant cannot reasonably assert that trial was somehow going to occur before the next scheduled status conference. Here, Hoback either acquiesced to or requested the setting of a status conference (by his counsel signing the minute entry sheet requesting new dates) beyond the one-year period—which means that the trial

date would be set beyond the next status conference. Based on the docket and the record, it should have been clear and obvious to Hoback that he was not going to be tried until after the next status conference, which was scheduled for June 5, 2019.

[31]     Nevertheless, the majority's two-pronged argument is that the docket and record here are devoid of any reasons for the delay in Hoback's trial, *ante*, at ¶ 18, and that Hoback did not have an obligation to object because the court did not reset a trial date, *id.* at ¶ 17. In support of this argument, the majority cites to *Young v. State*, in which a previous panel of this court held that when a delay occurs and the "docket entries are absent or missing regarding the reason for delay, the delay is not chargeable to the defendant." 765 N.E.2d 673, 678 (Ind. Ct. App. 2002) (citing *Morrison v. State*, 555 N.E.2d 458, 461 (Ind. 1990), *overruled on other grounds by Cook*, 810 N.E.2d at 1067). That is, such unsupported delays are chargeable to the State. *See id.*

[32]     In *Young*, the defendant's trial was initially set within the C.R. 4(C) one-year period but was later reset outside of that period. 765 N.E.2d at 677. The record did "not contain an order by the court explaining why [the defendant]'s trial did not commence on" the original trial date, and the CCS did not "provide any insight as to why the case was reset." *Id.* There was also no evidence that either the State or the defendant filed a motion for continuance prior to the original trial date. *Id.* This court therefore reversed the defendant's conviction based upon a complete and utter lack of any record explaining the delay in the defendant's trial. *Id.* Here, by contrast, we have one minute entry sheet signed

by both counsel and at least three docket entries from the court explaining, albeit not in great detail, why the trial was cancelled and a status conference reset. While I would strongly prefer for the trial court here to have at least provided more detail than "Other" in its CCS entry,[12] the record is sufficient to satisfy the test set forth in *Young*.

[33] In addition, the majority holds that a defendant does not have an obligation to object when the trial court does not reset a trial. *Ante*, at ¶ 17. The majority's holding is quite similar to the repudiated reasoning in the following cases:

1. *State v. Hurst*, 688 N.E.2d 402 (Ind. 1997);
2. *Morrison v. State*, 555 N.E.2d 458 (Ind. 1990);
3. *Carr v. State*, 790 N.E.2d 599 (Ind. Ct. App. 2003);
4. *Nance v. State*, 630 N.E.2d 218 (Ind. Ct. App. 1994);
5. *Solomon v. State*, 588 N.E.2d 1271 (Ind. Ct. App. 1992);
6. *Harrington v. State*, 588 N.E.2d 509 (Ind. Ct. App. 1992); and
7. *Miller v. State*, 570 N.E.2d 943 (Ind. Ct. App. 1991).

*Cook*, 810 N.E.2d at 1067 (overruling *Hurst* and *Morrison* to the extent inconsistent; disapproving of *Carr*, *Nance*, *Solomon*, *Harrington*, and *Miller*).

[34] The holdings in *Hurst*, *Morrison*, *Carr*, *Nance*, *Solomon*, *Harrington*, and *Miller* stand in part for the proposition that "any delay, regardless of who requested it, cannot be charged to the defendant unless a trial date had already been set."

---

[12] A review of the merits here would have been substantially aided by a transcript of the status conference that led to the relevant docket and CCS entries. However, the court reporter averred in her affidavit attached at the end of the transcript in this case that the March 20, 2019, status conference was not recorded. Tr. Vol. III at 78. We therefore are left to make reasonable inferences from the docket and record as to what transpired during that status conference.

*Cook*, 810 N.E.2d at 1066 (citing all seven cases). In *Cook v. State*, our Supreme Court specifically rejected that reasoning and held, as expressed above, that "delays caused by action taken by the defendant are chargeable to the defendant regardless of whether a trial date has been set." *Id.* at 1067. I acknowledge that in *Cook*, the Indiana Supreme Court was addressing an issue related to delays when a case had not yet been set for its first trial setting, *id.* at 1065, 1068; however, the reasoning in *Cook* is fairly extended to the situation here. I think it is too strict of a reading of *Young* and its progeny to find a violation of C.R. 4(C) simply because the trial court here did what the parties asked it to do—set a status conference beyond the initial one-year period and not set a trial date.

[35] Accordingly, I dissent.[13]

.

---

[13] Because it finds Hoback's C.R. 4(C) claim dispositive, the majority does not reach the other issues Hoback raises on appeal. Based on a cursory review of Hoback's other claims, I would affirm Hoback's convictions.